ALLISON *v.* BINKLEY.

4735                                     259 S. W. 2d 511

Opinion delivered June 29, 1953.

*W. M. Ponder, Blackford & Irby* and *S. L. Richardson,* for appellant.

*Hout & Thaxton,* for appellee.

ROBINSON, Justice. Appellant Dave Allison and appellee Louise Allison Binkley were divorced on March 27, 1947, and the custody of their child Erma Lee Allison was given to Louise. Allison was ordered to pay to Louise $25 per month as support and maintenance for the said minor child. The order of the court was complied with until the year 1951 when only two payments of $25 each were made for that year, and no payments were made during the year 1952. Louise filed a petition asking that Allison be cited for contempt by reason of his failing to make the $25 a month payments as ordered by the court.

After a hearing the court entered a decree finding that Allison was in contempt of court for failure to comply with the decree of March 27, 1947, and that he was in arrears $550; and ordered that he be committed to jail until that sum was paid. Allison has appealed.

Appellant makes no contention of inability to pay the $25 per month as ordered by the chancellor, but seeks

to justify non-payment on the grounds that without his knowledge or consent the child was taken out of the State of Arkansas for a few months on two different occasions. However, the preponderance of the evidence shows that the defendant knew where his daughter was in Michigan and could have made the payments if he wished to do so. Appellant further seeks to excuse himself by saying that the child had quit school against his wishes, but this is no valid reason for refusing to abide by the order of the court.

Next, appellant says that Erma Lee according to the stipulations in the case became 18 years of age on April 10, 1952, and that he would not be liable for her support subsequent to that time. However, the same stipulation provides that on March 27, 1947, Erma Lee was 11 years of age; and if her birthday is April 10 as contended by appellant, she would be 18 years of age in April of 1953. Therefore the record is not clear on this point, and the burden was on appellant to make the showing that the child had become 18 years of age.

On November 10, 1951, Erma Lee's disabilities as a minor were removed by an order of the court. Appellant contends that this emancipation relieved him of making further payments. One who has not reached his majority may be so advanced mentally as to be capable of intelligently and wisely dealing with a real property transaction, and yet be unable to do the work required to obtain the necessaries of life. Here the preponderance of the evidence shows that Erma Lee is not capable of supporting herself, and in this situation we do not think the removal of her disabilities by order of the court relieved the father from abiding by a court order requiring him to help support his daughter.

Affirmed.