This appeal is from an order rendered by the Circuit Court of Tuscaloosa County with respect to appellee's (Marie Sutton) petition for rule to show cause (rule nisi) and appellant's (J.S. Sutton) request for modification of a portion of a final divorce decree awarding child support to appellee. After an oral hearing on the parties' contentions, the circuit court held that J.S. Sutton was not in contempt for failing to pay child support. In addition, the court awarded Marie Sutton past-due child support in the sum of $10,000. From the judgment of the circuit court J.S. Sutton has filed this appeal.
The parties were divorced in September of 1968. The divorce decree entered at that time ordered the husband (J.S. Sutton) to pay his ex-wife (Marie Sutton) child support in the sum of $120. The husband was to make these payments bi-monthly. At the time of their divorce, all three of the couple's children were minors.
In April of 1969 the husband filed a petition in the Tuscaloosa County Circuit Court seeking modification of the divorce decree; however, for reasons which are not clear from the record, no hearing was held on the husband's motion until October 26, 1977. The hearing on his petition to modify resulted from the fact that in March of 1977 the wife requested that the Tuscaloosa County Circuit Court find her former husband in contempt for failure to provide child support. Upon receiving the wife's petition requesting that her ex-husband show cause why he should not be held in contempt, the circuit court stated that it would also consider the petition of the husband for modification of the original divorce decree. No objection was made to the court's action by either party and, as a consequence, the claims of both husband and wife were consolidated by the court and tried in one suit. After the presentation of evidence by the parties, the circuit court concluded that the husband was in arrears with regard to his obligation to provide child support and ordered him to pay his former wife the sum of $10,000. The court also refused to find the husband in contempt. Finally, the court modified the original divorce decree and held that the husband was no longer required to make child support payments.
The husband then brought this appeal contending that the circuit court erred in two respects. First, the husband urges that the court had no jurisdiction to entertain the wife's petition to show cause since contempt proceedings are not the proper method for enforcing decrees for the payment of child support installments which are already due in situations where the children have attained majority. Second, the husband claims that the court included in its arrearage calculations child support payments which accrued after his children reached adulthood. Accordingly, the husband argues that he is under no duty to provide child support once his children became nineteen years of age and that the court's inclusion of payments arising after their nineteenth birthday demonstrates that the court erred in the amount of arrearage awarded.
In support of his first contention, the husband relies on a number of cases from other jurisdictions which have held that after children attain majority, a divorced wife cannot cause her former husband to be punished for contempt of court for the nonpayment of child support money accrued prior to the majority of the children. E.g., Corbridge v. Corbridge, 230 Ind. 201,102 N.E.2d 764 (1952); Dawson v. Dawson, 71 Wn.2d 66,426 P.2d 614 (1967). *Page 394 
32 A.L.R.3d 888, § 2 (1970). Contra, Ex parte Hooks, 415 S.W.2d 166
(Tex. 1967); Casey v. Casey, 175 Or. 328, 153 P.2d 700 (1944). 32 A.L.R.3d 888, § 3 (1970). However, the cases cited by the husband are not applicable to the instant case.
In the case at bar the circuit court considered not only a petition by the wife seeking to have her former husband held in contempt but also the husband's petition for modification of the original divorce decree. The husband submitted himself to the jurisdiction of the court and presented arguments (and evidence) in support of his petition for modification. Likewise, he presented his defenses to the contempt proceedings. In view of the fact that the parties appeared before a court which had jurisdiction to entertain the husband's petition for modification and a full trial upon the merits of all matters before the court was afforded the parties, we decline to hold that the court did not have jurisdiction to entertain the contempt proceeding. Halmu v.Halmu, 247 Wis. 124, 19 N.W.2d 317 (1945).
Moreover, the judgment appealed from reveals that the court made no attempt to punish or threaten the husband with contempt. Indeed, the judgment was denominated as a "Decree Modifying Prior Decree of Court." And while it is true that contempt proceedings were involved in the dispute before us now, we are convinced that the contempt proceedings were treated by the circuit court as an action to determine arrearage and therefore conclude that the husband was not prejudiced by the fact that the court considered the wife's petition to show cause. Halmu v. Halmu, supra.
Finally, even if we were to adopt the rule that a divorce court does not have jurisdiction in a contempt proceeding to enforce its order to pay child support on unpaid installments accruing before a child reaches majority, where such proceedings are commenced after the child reaches majority, the rule would have no applicability to the present circumstances.
In this case the divorce court's original order awarded child support to the wife in the form of a bi-monthly lump-sum payment. There was no particular allocation of money for each child. Two of the parties' three children had attained majority at the time the wife filed her petition to show cause. However, the husband had the burden of showing that both the elder children had become nineteen years of age. Moreover, the couple's third child had not celebrated her nineteenth birthday when the contempt proceedings began. Consequently, the issue for the court's determination was whether the husband was relieved from past-due support payments on the grounds that his two elder children had reached the age of majority and his minor daughter had become self-supporting before these payments became outstanding judgments. We believe that the ascertainment of the children's status was a factual question over which the court could validly exercise its jurisdiction regardless of whether the matter before it was characterized as a contempt proceeding, an action for modification of child support or both. See Allison v. Binkley, 222 Ark. 383, 259 S.W.2d 511
(1953).
The second issue presented by the husband for our review involves his claim that the circuit court included in its arrearage calculations child support payments which accrued after his children reached adulthood. This argument is premised on his assertion that the court should have allocated to each child a portion of the lump-sum awarded as child support and then reduced the husband's support obligation by that amount as each child attained the age of nineteen years. In this manner the husband contends that the amount of arrearage would have been significantly reduced.
We find no merit to the husband's contention. The circuit court was under no duty to apportion the lump-sum award as child support. See Self v. Self, 49 Ala. App. 665, 275 So.2d 345
(1973). The court could have designated a specific amount of the support award as necessary for the maintenance of each child and reduced the overall amount due in accordance with the children's attainment of majority. On the other *Page 395 
hand, the court had the authority to conclude that the entire amount of support awarded was necessary for the remaining minor child and thus refuse to reduce the award even though the elder children had reached the age of majority. See Nabors v. Nabors, Ala.Civ.App., 354 So.2d 277 (1978); McGugin v. McGugin, Ala.Civ.App., 357 So.2d 347 (1978). The decision with regard to this matter was within the court's discretion and we are not persuaded that the court clearly and palpably abused its discretion by failing to allocate a portion of the lump-sum support payments to each child.
The husband also argues that the court refused to grant him credits for money and gifts which he provided for his children. It is not apparent from the record, however, that the court denied him credits for the money and gifts which he purportedly furnished when it ascertained the amount of support in arrears. Furthermore, a court is under no compulsion to give a husband credits for gifts and gratuities made prior to the date on which a child has reached majority, married or become self-supporting. Melvin v. Furr, 275 Ala. 428, 155 So.2d 593
(1963). The award of credits in instances such as the one before us is within the discretion of the trial court and we will not disturb a decision made in the exercise of such discretion in the absence of plain and palpable abuse on the part of the court. We find no such abuse in the case at bar.
The court in this case heard the evidence ore tenus and examined the various documentary proof offered by the parties. On the basis of this evidence the court determined the amount of child support owed, and awarded the wife a money judgment. This judgment was not in excess of the amount of arrearage reasonably supported by the evidence. Accordingly, we see no reason to disturb the court's judgment on appeal. Nunn v.Stone, Ala.Civ.App., 356 So.2d 1212 (1978).
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.