I respectfully dissent.
It is axiomatic that where a trial court modifies a child custody decree after hearing evidence ore tenus, its findings will not be reversed on appeal unless those findings are plainly and palpably wrong. I do not believe that in this instance the trial court is plainly and palpably wrong.
As I view the testimony, there is evidence that would support the conclusion that a male acquaintance of the mother in fact resided in the home of the mother. At least, the evidence supports a conclusion that the male friend was in the home on a frequent basis. There is further evidence that the mother and the male friend regularly engaged in sexual intercourse. There *Page 849 
is further evidence that these encounters occurred when the children were in the home and the children were aware that the mother and the male friend were sleeping in the same room. It is also clear that the mother and the male friend were not married at the time of trial nor was the mother married to anyone. There is also some evidence, although slight, that the mother did not properly care for the children.
In view of the above, I would affirm the trial court. See,Smith v. Smith, Ala.Civ.App., 334 So.2d 915 (1976).
I would further note that I have no difficulty in distinguishing the facts of this case from Gould v. Gould,supra; and Roberson v. Roberson, supra. In Gould the evidence of the mother's alleged indiscreet conduct was, at best, inconclusive. Furthermore, at the time of the hearing on the petition to modify, the mother had married her alleged paramour and had created a healthy family environment for the children. In Roberson, the alleged acts of indiscretion on the mother's part were isolated incidences; no man was ever alleged to have spent the night with her or moved in with her. Additionally, the mother in Roberson had also remarried at the time a change in custody was requested. Finally, the evidence clearly showed that the mother and her new spouse provided a stable home environment for her children.
I would affirm the trial court's decree for to do otherwise would be to substitute our decision for that of the trial court. This the law does not permit. See, Sutton v. Sutton, Ala.Civ.App., 359 So.2d 392 (1978).