This is a divorce case.
The parties were granted a divorce on November 18, 1971. The present appeal arises from a petition to modify which the husband filed on June 11, 1981. In his petition the husband asked that those provisions of the original divorce decree which provided for him to bear the costs of paying educational expenses for his adult children should be voided. Further, the husband asked that the alimony provisions of the decree be modified due to a substantial change of circumstances.
The 1971 divorce decree provided that the husband was to pay the wife $500.00 a month as alimony. Further, he was ordered to pay $200.00 a month per child as child support. At that time he had three children *Page 80 
whom he was ordered to support. The decree also provided that the husband was to pay the cost of a college education for his two youngest children at a state-supported university. If the child lived away from home while attending college, then the husband could discontinue child support payments to the wife.
In October 1977 the wife filed a petition for rule nisi on the ground that the husband was in arrears in payments due under the final decree. After a hearing the husband was found to be in arrears in the amount of $5,525.00. Very shortly thereafter the husband filed a petition for reorganization of his debts under Chapter 13 in the Bankruptcy Court.
At the time of his Chapter 13 petition, the husband's only source of income was from the sale of his food brokerage business. Under the sales agreement the husband was to receive a portion of the income of the business for ten years. That ten year period ends in 1987. Since 1977 this income has been paid into Bankruptcy Court. The court has made all payments to the wife under the decree since 1978.
The husband has subsequently become totally disabled. He now receives social security of $500.00 a month as disability. His youngest daughter, who is eighteen, also receives a check for $251.00 for his disability. She will continue to receive these checks until she reaches majority age or finishes college.
After a hearing on the husband's petition for modification, the court relieved the husband of any further obligation to support his son, who was then age twenty-four. The court, however, upheld that portion of the original decree ordering the husband to pay for his daughter's college education. The husband was required to finance the daughter's education until the daughter reached age twenty-three, got married, or finished college, whichever came first. The court further found that the amount still due of the judgment subject to the claim in Bankruptcy Court was $2,015.00. Finally, the court declined to modify the husband's alimony payments. From this order the husband perfected a timely appeal to this court.
The husband raises three issues in this appeal. First, he contends that a parent is not liable to pay educational expenses for an adult child. Second, he contends that he is due credit against future alimony and child support payments for the educational expense payments he has made for his adult son. Finally, he argues that the court clearly erred in refusing to modify his alimony payments.
In addressing the first issue, it is clear that, absent an agreement to that effect, a parent is under no legal obligation to support or educate an adult child. Holmes v. Holmes,410 So.2d 115 (Ala.Civ.App. 1982); Ralls v. Ralls, 383 So.2d 857
(Ala.Civ.App. 1980). In the present case the parties never entered into an agreement whereby the husband agreed to pay for his children's education. The trial court, therefore, could not legally order the husband to support or pay educational expenses for his adult children. As a result, that portion of the judgment ordering the husband to pay child support or educational expenses for his daughter after she reaches majority age is hereby reversed.
The husband next argues that since that portion of the original decree ordering him to pay child support for an adult child is void, he should be given credit against future alimony and child support payments. He bases this argument on the fact that he has made child support payments for his son, who had reached age nineteen in September 1975. Since these payments could not legally be required, the husband asks that he be given credit for them.
We have held that a trial court, in determining an arrearage in child support and alimony, can give a husband credit for amounts designated as child support for periods of time during which the child is no longer dependent on him for support.McGugin v. McGugin, 357 So.2d 347 (Ala.Civ.App. 1978); Naborsv. Nabors, 354 So.2d 277 (Ala.Civ.App. 1978). In these cases the credits allowed, if any, were assessed *Page 81 
against arrearages in child support. We find no support for allowing a credit against future alimony and child support payments. As we have stated previously, in this case the husband is relieved of his duty to support his children, each of whom has reached the age of majority. He is obligated in the future merely for the payment of alimony to the wife for her support. Allowing a credit against future alimony payments would in effect deprive the wife of that support. We cannot condone such a result.
As against an amount in arrearage, we have stated that the award or denial of a credit is within the sound discretion of the trial judge, and will not be reversed absent a showing of plain and palpable abuse of that discretion. Sutton v. Sutton,359 So.2d 392 (Ala.Civ.App. 1978). In this case we do not think that the trial court abused its discretion in disallowing a credit for the amounts paid by the husband for the support and education of the children after they reached the age of majority. The husband did not contest the support provisions of the 1971 decree until he filed the present petition. To find now that the husband must be reimbursed for money paid by him and expended by the wife for the children's education would be inequitable. While the husband was not legally obligated to finance his children's education, neither was the wife so obligated. Allowing the husband a credit for those amounts would place the burden on the wife to pay back those amounts out of her future alimony payments, and in effect require the wife to retroactively bear the burden of putting the children through school. Such is not the intent of the case law in this area.
We do, however, find that the court erred in not granting the husband a credit for child support payments made for the son during the period of November 1980 to June 1981. The wife testified that the son did not live at home during this period, was not in school, and was working. It is clear that under the original decree of divorce the husband was relieved of any further duty of support at this point. The wife should not be able to retain the benefits of child support payments made during a period when the child was self-supporting and not living at home. See Nabors v. Nabors, supra. As a result, we reverse this part of the judgment and remand it to the trial court to enter a credit for the amounts paid during this period of time against the arrearage determined to be owing.
Finally the husband contends that the trial court erred in refusing to modify the alimony payments due to a substantial change in circumstances. Modification of alimony based upon changed circumstances is within the discretion of the trial court and will not be reversed unless plainly and palpably wrong. Childress v. Childress, 378 So.2d 1147 (Ala.Civ.App. 1979). We cannot find such an abuse of discretion as to require reversal.
The husband is now on disability and is unable to work. He receives, however, $500.00 a month social security. Further, he sold his business and is to receive a portion of income until 1987. This income is paid into Bankruptcy Court. His debts, including alimony, are being paid by the court. So far the income from the sale of his business has been sufficient to pay his debts and alimony.
We cannot find such a change of circumstances as to warrant reversal. This portion of the judgment is affirmed. We would note, however, that the testimony supports a conclusion that the husband's future income will substantially decline. Should this occur, the husband could at that time petition the court for a modification of his periodic alimony payments.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur. *Page 82