This is a child support case.
The parties herein, Joseph C. McDaniel and Marilyn McDaniel Winter, were divorced in Alabama in 1969. Custody of the couple's two minor sons was awarded to the mother. Subsequently, she and the children moved to Georgia. The father resides in Demopolis, Alabama. At the time of the instant action, the father was obligated to pay $200 per month child support pursuant to a 1978 modification of the final decree of divorce.
The youngest son, Caldwell, now seventeen, left the mother's home in July 1980 for scheduled visitation with his father. Prior to his departure, he told his mother that he was not planning to return. He, in fact, did not return at the designated time, and the father reduced the child support payment by $100 per month, beginning in October 1980. On November 17, 1980, the mother filed a complaint against the father in Alabama asking that he be held in contempt for failure to comply with the divorce decree and its subsequent modifications. She also asked for an increase in child support due to changed circumstances, and for a reasonable attorney's fee. Following a motion to dismiss and for more definite statement by the father, the complaint was amended, but without substantial change. Four days prior to the hearing date, the father counterclaimed for a change of custody of Caldwell.
After an ore tenus hearing, the trial court entered its findings of fact and order on August 4, 1981. The trial court held that the husband was in arrears in child support in the amount of $900. No citation of contempt was entered, however, as the trial court held that the arrearage was the result of a misunderstanding rather than a willful act of contempt. The trial court found a material change in circumstances and increased child support to $130 per month for the remaining minor child, Caldwell.[1] The mother's request for attorney's fees was denied. The father's counterclaim *Page 283 
for modification of custody was dismissed. On a post-trial motion for reconsideration, the trial court left intact the determination of child support arrearage and the modification, but ordered the custody counterclaim severed rather than dismissed. The father appeals.
The appellant's main contention here is that he should receive credit against the child support arrearage for the amounts expended for his minor son's support while the son lived with him in Demopolis, Alabama. In its order of August 26, 1981, following the father's motion for reconsideration, the trial court specifically found that under the circumstances of this case, the father was not entitled to such credit. The trial court found appellant's reduction in child support to be unilateral, against the express wishes of the custodial parent and contrary to the provisions of the final decree of divorce and its subsequent modifications.
The father relies heavily on our opinion in Nabors v. Nabors,354 So.2d 277 (Ala.Civ.App. 1978). There we noted that "the husband, however, is given credit for those periods in which he [or some third person] supports the child. . . ." (Cits. omitted.) The trial court in this case, however, refused to give the husband credit for factual reasons we have noted. We consider that such a decision was within the trial court's judicial discretion. We find no abuse of that discretion. The court was open to the father to request a reduction in support due to his son's residing with him or for a petition to change custody. The father took no such action until the mother attempted to force him to comply with the divorce decree.
For the foregoing reasons, this cause is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] The older son, Clay, had apparently reached majority at the time of the trial court's final decree concerning the modification of child support.