This is a child support case.
The parties herein were divorced on August 25, 1976, and the mother was awarded custody of the two minor daughters, Michelle and Kim. Child support for the children was set at $50 per week until September 1, 1977, when it would automatically increase to $60 per week. Both parties have remarried. The former husband paid the child support in full when due until the eldest daughter, Michelle, married in February 1979 prior to reaching majority. He thereafter unilaterally reduced his payment of child support by half, to $30 per week. The final decree of divorce did not provide for a reduction upon one of the children reaching majority or marrying.
The mother petitioned for modification to increase child support on April 10, 1981. She also sought a judgment for arrearage owed due to the father's reduction of support at the time of Michelle's marriage. She requested that costs and a reasonable attorney's fee be taxed against Owens. The father answered with a denial and counter-petitioned asking that the mother be held in contempt for failure to comply with the visitation provisions of the divorce decree. He requested a reasonable attorney's fee and that costs be taxed against the mother.
The court, after an ore tenus hearing, entered its order July 16, 1981, setting child support for the remaining minor child at $40 per week. The court specifically found that, "The father has fulfilled his obligation of support to Michelle Owens fromthe date of her marriage. And he is relieved hereby of the $30 per week since the date of her marriage." (Emphasis ours.) The mother filed a Rule 59 (e), A.R.C.P. motion to reconsider the judgment. It was denied pursuant *Page 822 
to Rule 59.1, A.R.C.P. when the trial court failed to rule on it within ninety days. She appeals.
She contends on appeal that the trial court erred (1) by failing to enter judgment for child support arrearage caused by the reduction upon the eldest daughter's marriage; (2) by setting child support for the remaining minor child at $40 per week; and (3) by denying her request for an attorney's fee.
We find that the trial court erred in failing to enter judgment for child support arrearage. We have consistently held in recent cases under similar facts that a father may not unilaterally reduce child support payments where the decree does not so provide. Events such as the marriage of a minor child provide cause to seek modification. See, Weaver v.Weaver, 401 So.2d 77 (Ala.Civ.App.), cert. denied, 401 So.2d 78
(Ala. 1981). See also, In re Weaver, Civ. 3086, 412 So.2d 286
(Ala.Civ.App. 1982); McDaniel v. Winter, Civ. 2993,412 So.2d 282 (Ala.Civ.App. 1982); Parker v. Parker, Civ. 2996 (Ala.Civ.App. March 17, 1982). We are of the opinion that the legal duty of a father to support a minor child ends when that child marries just as it would if the child reached majority or became self-supporting. See, Brooks v. Brooks, 386 So.2d 472
(Ala.Civ.App. 1980); Godec v. Godec, 346 So.2d 459
(Ala.Civ.App. 1977). The duty to support then falls upon her husband. No credit should be given the father for his contribution to Michelle's support after her marriage.
We find no error as to the amount of child support set by the trial court for the remaining minor child. Such a decision is in the discretion of the trial court and will be reversed only for plain and palpable error. Bill v. Bill, 370 So.2d 1023
(Ala.Civ.App. 1979). It is not our prerogative to substitute our judgment for that of the trial court. Shepard v. Shepard,338 So.2d 1016 (Ala.Civ.App. 1976).
The same rule applies to attorney's fees. We do not find the denial of attorney's fees below to be error.
The mother's request for attorney's fees on appeal is granted in the amount of $500.
The father's request for attorney's fees on appeal is denied.
The case is remanded for determination of the amount of accrued but unpaid support from the date the father reduced the decreed support until the date of the modification in the last decree.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
BRADLEY, J., concurs.
HOLMES, J., concurs in the result.