This is a domestic relations case.
The former wife appeals from an order of the Circuit Court of Mobile County which found, in part, that no arrearage of family support payments was owed by the ex-husband. The trial court additionally ordered the ex-husband to pay the sum of $160 per month as alimony to the ex-wife.
A review of the record reveals the following:
The parties to this appeal were divorced in 1973 after sixteen years of marriage. At the time of the divorce there were four minor children. Under the terms of the original decree, the husband was ordered to pay a lump sum of $800 per month for support of the family. There was no apportionment between alimony and child support.
In February, 1982, the wife filed a petition seeking, among other things, that the husband be found in contempt of court for failure to pay support as provided in the decree. She testified at the hearing that her former husband had not made any of the $800 monthly payments since April of 1981 and that at the time of the hearing he was in arrears $9,600.
The wife also testified that she was currently employed at a hospital and had been employed for the last seven years. Her take home pay at the time of the hearing was $696 a month. The last of her house payments had been paid the previous year.
The four children were aged twenty-three, twenty-one, and the two youngest were nineteen. The nineteen year olds had just reached their majority shortly before the hearing. All four children attended college at the time of the hearing. Three of the four attended college away from home. Only one of the children was currently living at home full time while attending school. Three of the four had part time jobs at the time of the hearing.
The wife testified that although she didn't pay for college expenses, she provided the children with spending money on occasions. She also provided groceries for them when they were at home with her.
The husband denied that he owed any back support and requested that the original decree be modified to reflect a change in circumstances.
The husband testified that he was a surgeon and that his income in 1981 was $35,654 after taxes. He also testified that this was a substantial decrease over the two previous years when he earned approximately $90,000 a year. The husband attributed his decrease in income to a change in locations and hospitals.
Out of the $35,654 of income in 1981, the husband testified that he had given his children and former wife $16,401.36. He additionally stated that he had cancelled checks from the time in question showing that he had given the wife $4,749 and the children $11,652.36. He testified that this money went towards the children's college tuition and books and their medical and living expenses.
The husband additionally stated that he owned two houses and some land, all of *Page 485 
which are encumbered. One of the houses was being rented at the time of the hearing. The husband had remarried since his divorce and has one child. His present wife works as a nurse.
The husband in his request for modification of the divorce decree indicated the fact that all the children had now reached their majority and that the wife was now employed as substantial changes requiring modification.
The trial court, after an ore tenus hearing, found that no arrearage existed and set alimony at the amount of $160 per month. From this decree the former wife through able and distinguished counsel appeals.
The wife contends on appeal that the trial court erred in ruling that there was no arrearage. She argues that the husband had unilaterally stopped payment after two of the children had reached their majority. She further argues that the accrued installments of support had become final judgments as of the date due and may be collected as other judgments.
In brief, the wife rejects the theory that the trial court can, in its discretion, grant a credit under certain circumstances that are applied to arrearage. She relies on two cases, Owens v. Owens, 412 So.2d 820 (Ala.Civ.App. 1982), andMcDaniel v. Winter, 412 So.2d 282 (Ala.Civ.App. 1982), as being opposed to Nabors v. Nabors, 354 So.2d 277 (Ala.Civ.App. 1978), which stands for the proposition that credits can be allowed under certain circumstances. This is not our understanding of the law as it applies to the issues of the instant case.
As we stated in Nabors v. Nabors, supra, the ultimate issue in a case such as the instant appeal is not whether the past due installments are considered as final judgments beyond the power of a trial court to modify, but rather (considering the evidence presented in this particular case) whether such "judgments" may be considered partially or totally paid and satisfied by way of credits applied against the arrearage.
The rule of law, simply stated, is this: When a divorce decree requires the husband to make periodic payments for the support of children and he has supported the children while they lived at home or away, the wife cannot recover payments for support during that period, nor during the period third persons were supporting the children. The husband, however, is given credit for those periods in which he supports the child or the child is self supporting. Nabors v. Nabors, supra. Put another way, the trial court, in determining an arrearage in support, can give a husband credit for amounts designated as child support for periods of time during which the child is no longer dependent on him for support. Wier v. Wier, 410 So.2d 78
(Ala.Civ.App. 1982).
The wife's reliance on Owens v. Owens, supra, and McDaniel v.Winter, supra, as a contradiction of the rule set forth inNabors v. Nabors, supra, is misplaced. There are important distinctions that make Owens and McDaniel inapplicable in the instant case.
In McDaniel, custody of the two minor children was awarded to the mother. The father was ordered to pay $200 per month as child support pursuant to modification of the final decree. Some years later, the youngest son left the mother's home and did not return. Thereupon, the husband unilaterally cut the support payments in half, paying only $100 to the mother. The trial court specifically found that under the circumstances of that case, the father was not entitled to a credit for the time the son lived with him.
In upholding the trial court's decision in McDaniel, this court stressed the factual aspects (the father arbitrarily cut the payments by $100; the father acted unilaterally) in conjunction with the trial court's judicial discretion. It is well settled that the award or denial of a credit against arrearage is within the sound discretion of the trial court, and such a decision will not be reversed absent a showing of plain and palpable abuse. Wier v. Wier, supra. In McDaniel, the trial court, in its discretion, *Page 486 
refused to give the husband credit on the arrearage for factual reasons.
In the instant case, there was evidence presented at the hearing that the husband continued to support the children during the period he had stopped sending payments directly to the wife. He did not unilaterally or arbitrarily reduce payments. In fact, the evidence tends to show that the husband contributed considerably more than he was legally required to under the terms of the divorce decree.
Owens is factually similar to McDaniel in that the husband unilaterally cut support payments in half after one of the two minor children had married and left the mother's home. Again, this differs from the instant appeal and Nabors in respect to the father's unilaterally and arbitrarily reducing payments.
We find no error in the trial court's determination that no arrearage existed in the instant case. There was sufficient evidence to support the trial court's decision.
The husband testified that he had cancelled checks from the time in question showing that he had given the wife $4,749 and the children $11,652.36. No matter how it is apportioned, this sum amounts to almost twice the claimed arrearage.
As noted above, the award or denial of a credit is within the sound discretion of the trial court, and such determination will not be reversed absent a showing of abuse. Wier v. Wier,supra. Under the circumstances of this case and in light of the evidence presented, we find no abuse of discretion concerning the trial court's finding that no arrearage existed.
The wife next contends that the trial court erred in setting alimony at $160 per month. We find no error and affirm.
Modification of alimony based upon changed circumstances is within the sound discretion of the trial court and will not be reversed unless plainly and palpably wrong. Childress v.Childress, 378 So.2d 1147 (Ala.Civ.App. 1979). We find no such abuse of discretion as to require reversal.
At the time of the original decree, the husband was employed as a surgeon and the wife was unemployed with four minor children at home. At the time of the modification hearing, the wife was employed making $696 a month take home pay. The house she was living in at the time of the hearing had just had the last payment made on it the year before. Of the four children, one was twenty-three, one twenty-one, and two nineteen at the time of the hearing and only one was living at home full time. In addition, the husband had recently suffered a substantial decrease in income due to a change in place of employment.
In view of the above, we cannot say the trial court abused its discretion in setting alimony and in finding no arrearage.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.