This is a domestic relations case.
The former husband, through able counsel, appeals from an order of the Circuit Court of Blount County which found, in part, that the ex-husband was not entitled to a credit against child support arrearage. We affirm.
A review of the record reveals the following pertinent facts:
The parties to this appeal were divorced in May, 1981. Under the terms of the divorce decree the wife was awarded custody of the two minor children. The husband was ordered to pay $60 per week in child support.
In June, 1982, the wife filed a petition for rule nisi on the ground that the husband was in arrears in payments due under the final decree.
An ore tenus hearing was held in which the husband testified that he had kept the children for fourteen full weeks, although not consecutively. It was the husband's contention at the hearing, and now on appeal, that he should be allowed a credit for those fourteen weeks to be applied against the arrearage in child support. The trial court found that the husband was not entitled to a credit for that period. From that finding the husband appeals.
It is established law in this state that the award or denial of a credit is within the sound discretion of the trial court, and such determination will not be reversed absent a showing of abuse. Kinsey v. Kinsey, 425 So.2d 483 (Ala.Civ.App. 1983);Wier v. Wier, 410 So.2d 78 (Ala.Civ.App. 1982). In view of the evidence presented in the instant case, we find no abuse of discretion concerning the trial court's ruling that the husband was not entitled to a credit.
The evidence when viewed with the attendant presumptions accorded the trial court's action shows that the husband had the children for six full, consecutive weeks. Additionally, the husband's testimony shows that the wife did pick the children up during that period and take them to her home for some period of time. *Page 848 
It was the wife's testimony that she and her ex-husband mutually agreed to let the children stay with the husband while the wife attended school out of town. She additionally testified that the longest the husband kept the children was six consecutive weeks.
In any event, we do not find an abuse of discretion in regard to the trial court's denial of a credit to the husband. A relatively short period of time was involved in the instant appeal. Cf. Kinsey v. Kinsey, supra; Owens v. Owens,412 So.2d 820 (Ala.Civ.App. 1982); Nabors v. Nabors, 354 So.2d 277
(Ala.Civ.App. 1978).
Carried to the extreme, non-custodial parents could ask for credit any time the child stays one hour past the decreed visitation period. We do not think that is the intent behind the law concerning credits.
We should not be understood as finding that there was no evidence presented which would justify a credit being given the husband. This court only finds that in this instance the trial court acted within its discretion in not allowing a credit. For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Suttonv. Sutton, 55 Ala. App. 254, 314 So.2d 707 (1975).
The wife has pursuant to rule 38, A.R.A.P., filed with this court a motion to dismiss the husband's appeal. The motion is due to be and is denied.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.