This is a civil contempt proceeding against a father for his failure to pay court ordered child support to his former wife. The primary questions involve credits against his arrearage.
The parties were divorced on October 9, 1976 after a twelve year marriage. Mr. Smith, the husband and father, was ordered to pay to Mrs. Smith, the wife and mother, the sum of $250 each month for the support of their three minor children, whose custody was granted to the mother. The divorce judgment has never been modified.
In June 1983 the mother sought to place the father in contempt of court for his failure to make the required child support payments. After both parties testified before the circuit court, a judgment was entered which found the father to be in contempt, determined his arrearage to be $19,950, and allowed him to purge himself of contempt by making monthly payments of $400 to the mother, $250 thereof to be applied to current child support payments and $150 to past-due compensation. The father duly appealed. We treat the appeal as being certiorari proceedings.
As to the individual children, the father contends that he was entitled to credits against his arrearage for various reasons. The facts and the law shall be developed and applied as to the issues concerning each child's support.
 Barbara
Barbara married on October 22, 1979. At that time she was only fifteen years of age. She is now nineteen and resides in Florida with her husband. The father contends that, on account of Barbara's marriage, he is due a credit, commencing as of the date of her marriage, against his delinquent child support. No such credit was allowed by the trial court. *Page 45 
This aspect of the case is controlled by Owens v. Owens,412 So.2d 820 (Ala.Civ.App. 1982), where the ordered child support was set at $60 per week for two daughters. The father was current in his payments when the older daughter married but, at that time, he unilaterally reduced his payments to $30 each week. The mother sought a judgment for the weekly difference of $30 between what he paid and what she contended he was due to pay. In substance, the trial court relieved the father of such difference from the date of the daughter's marriage. We reversed, holding that a judgment for child support arrearage should have been entered, and the following was stated:
 "We have consistently held in recent cases under similar facts that a father may not unilaterally reduce child support payments where the decree does not so provide. Events such as the marriage of a minor child provide cause to seek modification. See, Weaver v. Weaver, 401 So.2d 77 (Ala.Civ.App.), cert. denied, 401 So.2d 78 (Ala. 1981). See also, In re Weaver, 412 So.2d 286 (Ala.Civ.App. 1982); McDaniel v. Winter, 412 So.2d 282 (Ala.Civ.App. 1982); Parker v. Parker [415 So.2d 1089], (Ala.Civ.App. 1982)."
412 So.2d at 822.
For those same reasons, the father in the instant matter may not be credited because of Barbara's marriage or due to her recently reaching her majority, for neither automatically modified the child support judgment, but either, or both, only provided cause for seeking child support modification. Wood v.Wood, 434 So.2d 800 (Ala.Civ.App. 1983). There was no abuse of discretion and the trial court did not err in not allowing any credit for Barbara's support.
 Bobby
Because the mother had difficulty controlling their son, Bobby, she allowed him to reside with his father in accordance with the boy's wishes. From about eighteen months after the divorce until the present time, Bobby has lived either with the father or with his father's parents. The father provides food and clothing for this son and purchased an automobile for him. There was no testimony as to the amount of expenditures which were made by the father for Bobby's support, maintenance, or education at any time. The father complains that the trial court erred in not granting credit against his delinquent child support during the extended period of time that Bobby has lived with him. For the reasons which follow, we find no such error in that regard.
More than one child was here involved and the trial court could not overlook the support needs of the third child, Deborah, who has always been in the mother's actual custody except for a few weeks. Sutton v. Sutton, 359 So.2d 392
(Ala.Civ.App. 1978). The divorce judgment as to support did not provide for a reduction of a particular amount when each child married, reached majority, or became self-supporting (including being actually supported by and living with either the father or a third person); and a unilateral reduction in the amount of child support payments could not be made by the father in this case. Owens v. Owens, supra; McDaniel v. Winter, 412 So.2d 282
(Ala.Civ.App. 1982); Weaver v. Weaver, 401 So.2d 77
(Ala.Civ.App.), cert. denied, 401 So.2d 78 (Ala. 1981).
We certainly have no quarrel with the fair, just, and equitable rule of law as it was stated in Nabors v. Nabors,354 So.2d 277 (Ala.Civ.App. 1978), that, in the discretion of the trial court, an arrearage of ordered child support may be credited for amounts which were expended by an obligated parent when that parent actually furnishes support for a child while in his custody or in the custody of another. However, the unilateral reduction prohibition, as it was delineated in theOwens case, supra, and in the other similar recent decisions cited therein, is an element to be given much consideration by a trial court in the exercise of its discretion. Judicial discretion still remains with the trial court as to credits.McDaniel v. Winter, supra. *Page 46 
For a case which reconciles any imagined conflicts between theOwens and Nabors decisions, see Kinsey v. Kinsey, 425 So.2d 483
(Ala.Civ.App. 1983).
Also, the father wholly failed to present any direct or opinion proof as to any average or specific amounts which he furnished or expended for any or all purposes at any time or during any given period of time for Bobby's support. That lack of proof, in itself, is justification enough for the discretionary denial of a credit concerning Bobby's maintenance by his father. Credit is not allowed where the father is not able to prove such expenditures. Wood v. Wood, supra; Anonymousv. Anonymous, 428 So.2d 109 (Ala.Civ.App. 1983); Weaver v.Weaver, supra. In the absence of proof of such facts, there was no abuse of the trial court's judicial discretion in disallowing credit for Bobby's support while living with his father. Under the circumstances the amount of any credit would be mere speculation. Consequently, for this court to reverse on that alleged ground would be an unauthorized substitution of our judgment upon factual matters for that of the trial court.
 Deborah
The youngest child, Deborah, is seventeen years of age and has resided with her mother since the divorce except for one period of time when she lived with the father in order to attend a particular school. The mother swore that Deborah stayed with the father for only six weeks at that time but the father testified that she dwelled with him for more than one year.
The award or the denial of a credit against child support is within the trial court's discretion and the decision of the trial court will not be reversed in the absence of an abuse thereof. Kinsey v. Kinsey, supra. In Marsh v. Marsh,426 So.2d 847 (Ala.Civ.App. 1983), the trial court had decided that the father was not entitled to a credit against child support arrearage. There was a conflict in the trial evidence, of from six weeks to fourteen weeks, as to how long the child was maintained in the father's home. This court affirmed the decision of the trial court. It was determined that the trial court did not abuse its discretion and due consideration was given by this court to the relatively short period of time there involved. Likewise, the trial court in the present case did not abuse its discretion in denying a credit to the father for there was credible evidence that Deborah's stay with her father was as brief as six weeks.
Additionally, the rationale as to Bobby's support pertaining to the absence of proof and to a lack of an abuse of discretion is equally applicable as to a credit as to Deborah's living with her father.
For the above reasons we find no palpable abuse of discretion by the trial court, and no error, in failing to grant to the father any credits against the arrearage occasioned by Barbara's marriage and reaching her majority, because of Bobby's living with his father or on account of Deborah's staying with him for a relatively short period of time. Finally, the trial court had the discretion to conclude that the entire amount of support awarded was necessary for Deborah's support and thus the trial court was authorized to refuse to reduce the arrearage by credits occasioned by the situations which had existed as to Barbara and Bobby. Sutton v.Sutton, supra.
The trial court acted within its discretion, or within the law, in not allowing credit for those matters in this case. If there is any relief due to the father for ordered future child support, it lies in modification proceedings. Apparently, modification of the child support judgment has never been sought by him.
 Other Credits
As an additional issue, the father contends that he was not in arrears in his support payments in the ascertained amount of $19,950. During that time period between the date of the divorce judgment and the hearing on the rule nisi, the father was due to have made eighty-one *Page 47 
monthly payments of $250 each, totaling $20,250. As evidence of the payments made by him to the mother during that time frame, the father only introduced three checks payable to the mother for $100 each. Evidently, he was given credit for $300 for those three payments.
The father swore that he gave to the mother about $500 a year in addition to purchasing clothes in the approximate annual amount of $250 for Deborah but that he could not locate any additional checks other than the three for $100 each. The wife denied the $500 yearly payments, stating that he had only paid a total of $200 to her since the divorce; however, she admitted to receiving the three $100 checks when they were exhibited to her. She further stated that he purchased clothing for Deborah only as Christmas presents or out of the goodness of his heart. We will not reverse under this state of conflicting facts. The ore tenus rule applies and, also, the award of credits is discretionary with the trial court. Sutton v. Sutton, supra.
There was no palpable abuse of discretion by the trial court in not granting credit for those alleged payments of money and clothing.
In addition to the three $100 checks, the mother expressly testified that the father paid to her $100 in June 1983. He was not credited by the trial court with that $100 payment. We affirm the judgment of the trial court but, since the mother admitted that she received that June 1983 payment of $100, we instruct the circuit court to immediately enter an order granting to the father a credit, as against the ascertained child support arrearage, for that payment of $100 in June 1983.
We affirm with instructions.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED WITH INSTRUCTIONS.
All the judges concur.