HOLMES, Judge.
This is a contempt of court case for failure to pay child support.
The parties to this appeal were divorced in December 1981. The wife was awarded custody of the two minor children and the husband was required to pay $100 per week as child support for both children. The trial court further ordered that the child support be paid through the domestic relations division of the circuit court.
In May 1983, the wife sought to have the husband held in contempt for failing to pay the child support as required. The husband denied that any arrearage existed.
After an ore terms hearing, the trial court found the husband to be in contempt and set the arrearage at $3,875.40. Thereafter, the husband filed a motion for reconsideration, which was denied by the trial court. The husband now appeals and we must reverse in part.
The husband, through able counsel, contends on appeal that the trial court erred in determining the amount of the arrearage and in denying the motion to reconsider. The husband also argues that he is due a credit to be applied against any unpaid child support payments for a seven-month period during which he had, by agreement of the parties, custody of one of the children.
The record before this court discloses the following pertinent facts. We note that the record before this court is a 10(d), Alabama Rules of Appellate Procedure, record and is somewhat lacking in detail.
The wife initiated proceedings to collect past due child support payments. It was the wife’s contention that the husband had not made child support payments for certain periods of time and that, consequently, he was over $3,000 in arrears. There is evidence that the records of the domestic relations division indicate the amount of the arrearage is $3,600. Nevertheless, there is undisputed evidence, as revealed by the 10(d) record, that the husband paid as child support $1,000 directly to the wife on three separate occasions, August, October, and December 1982, a total of $3,000. At the time of the motion to reconsider, the husband had paid an additional $500 for child support to the domestic relations division. The wife gave the husband receipts on two of the above occasions noting on the receipt that the $1,000 each time was for child support and “child support and Christmas.” The husband also gave the eldest minor child $1,600 in November 1982.
The wife testified that she did not apply any of the $3,000 towards child support and that she did not inform the domestic relations division of the circuit court about the $3,000.
The husband also had custody of the youngest minor child by agreement of the parties for a seven-month period during which he provided for all of the child’s expenses.
After considering the evidence, the trial court determined that the husband was in arrears $3,875.40. The husband filed a motion to reconsider the judgment, accompanied by an affidavit. The trial court denied the motion. The husband, thereafter, as indicated, made a statement of the evidence and proceedings pursuant to Rule 10(d), A.R.A.P., which was approved by the trial court and is now the record on appeal.
Clearly, the uncontroverted evidence contained in the record before this court shows that the husband at least paid $3,000 directly to the wife and $500 to the domestic relations division of the court pri- or to the motion to reconsider. At least part, if not all, of this $3,500 was intended to cover child support payments.
Thus, in view of the above, we find that the trial court was in error in determining that the husband was in contempt in the amount of $3,875.40 and, therefore, the trial court erred in its determination of the amount of the arrearage. We can reach no other conclusion from the uncontroverted evidence before us.
In regard to the husband’s contention that he is due a credit because one of the children resided with him, we find that the *810 trial court did not err in rejecting that argument.
The award or denial of a credit under these circumstances is within the sound discretion of the trial court and such determination will not be reversed absent a showing of abuse. Marsh v. Marsh, 426 So.2d 847 (Ala.Civ.App.1983); Kinsey v. Kinsey, 425 So.2d 483 (Ala.Civ.App.1983). In the case at bar, we find no abuse of discretion in the trial court’s ruling that the husband was not entitled to a credit.
There is little evidence concerning this aspect of the case in the 10(d) record before this court. Furthermore, the terms of the divorce decree designated a lump sum for the two minor children and there is no evidence to indicate how that sum should be allocated.
We have consistently held under similar facts that a father may not unilaterally reduce child support payments where the decree does not so provide. Owens v. Owens, 412 So.2d 820 (Ala.Civ.App.1982). Therefore, due to the manner of payment, the lack of evidence, and the discretion accorded the trial court, we find no error in refusing to give the husband a credit.
In view of the above, the trial court’s finding of contempt is correct. However, the amount of arrearage is, as seen from the above, incorrect.
The finding of contempt is affirmed. The amount of the arrearage is due to be reversed and remanded for a proper determination of the arrearage.
AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
WRIGHT, P.J., and BRADLEY, J., concur.