HOLMES, Judge.
This is a child support modification and child support arrearage case.
The trial court refused to modify the amount of child support and found the father was in arrears in his child support payments.
The father, through able counsel, appeals, contending the trial court erred in refusing to modify the amount of child support and in failing to give the father certain “credits” in determining the amount of arrearage.
While the record before this court is not a paragon of clarity, it is clear that, prior to entry of the original order appealed from, testimony was presented to the trial court. The trial court’s order states in pertinent part the following:
“This cause coming on to be heard this day on pending matters before the Court; both parties being present and represented by counsel; and from the sworn testimony and demeanor of the parties, and upon consideration, it is hereby ORDERED by the Court as follows:
“1. THAT the motion to terminate child support and- other relief as filed by the above Defendant is hereby denied.
“2. THAT the child support payments heretofore ordered by the Court in the amount of $100.00 each week are hereby reaffirmed, and that said weekly payments shall continue to be paid through the Office of the Accounts Clerk of this Court plus the necessary commissions.” (Emphasis supplied).
There was no transcription of this testimony and/or such testimony is not contained in the record before this court. Neither is there a record before this court pursuant to Rule 10(d), Alabama Rules of Appellate Procedure.
In view of the above, we have no alternative but to affirm the trial court’s action. See Davenport v. Davenport, 356 So.2d 205 (Ala.Civ.App.1978); Ala.Digest, Divorce, Key No. 312.5.
Needless to say, we are aware that certain testimony was taken on the father’s motion to reconsider and this testimony is contained in the record. However, this does not alter the fact that this court has no alternative but to refuse to disturb the trial court’s action. Davenport, at 205.
In deference to able counsel for the father and it being the policy of this court to reach the merits of an appeal whenever possible, the following is noted.
The father’s basic contention regarding the trial court’s refusing to modify the amount of child support is as follows:
*392 The divorce decree required the father to pay $100 per week for the support of three minor children. At the time of the modification proceeding two of the children had reached majority. Hence, the father contends that the trial court erred in refusing to modify the amount of child support.
It is axiomatic that modification or non-modification of an award of child support will not be reversed unless it is clearly an abuse of discretion. Taylor v. Taylor, 418 So.2d 148 (Ala.Civ.App.1982).
In this instance, the record indicates the father’s income had more than doubled since the divorce decree. Furthermore, what this court stated in Roberts v. Roberts, 357 So.2d 150 (Ala.Civ.App.1977), writ quashed, 357 So.2d 154 (Ala.1978), would appear to be appropriate. Hence, no apparent error.
The father’s other contention is that the trial court erred in failing to give credit for child support for certain periods. We find what this court stated in Owens v. Owens, 412 So.2d 820 (Ala.Civ.App.1982); McDaniel v. Winter, 412 So.2d 282 (Ala. Civ.App.1982); and Sutton v. Sutton, 359 So.2d 392 (Ala.Civ.App.1978), to be appropriate. Hence, no apparent error.
The mother has requested an attorney’s fee for representation on appeal. A fee of $350 is hereby awarded.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J„ concur.