EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a child custody case.
The December 1981 judgment which divorced the parties granted custody of Kelly to her mother. Kelly was the daughter of Mrs. McDowell by a previous marriage and had been adopted by Mr. McDowell (father). The father was ordered to pay to the mother $225 each month for Kelly’s support.
The mother petitioned for a rule nisi, alleging that the father was in arrears. One of the father’s pleadings contended that Kelly was gainfully employed and that he was entitled to a credit for Kelly’s earnings against his child support arrearage. After an ore tenus trial the final judgment ascertained that the total arrearage, including interest, was $3,956.13 and the trial court expressly found that the father failed to make the child support payments through his willful contumacy and not because of his inability to pay. The father was adjudged to be in contempt of court and was ordered incarcerated in jail unless he purged himself of contempt of court pursuant to the terms of the' judgment.
The father appealed and raises as his only issue the failure of the trial court to grant him credit for the earnings of Kelly. He argues that as her father he had a primary common-law right to her earnings.
The pertinent ore tenus testimony was as follows: The father testified that he was in arrears in the amount of $3,600.00, that he worked regularly, and that his earnings were sufficient to pay the monthly child support. The mother testified that Kelly, *1278 who was born on November 2, 1966, began to work part time at a particular fast-food restaurant in April or May 1983 and since then she has worked on weekends when school is in session and full time in the summer. Kelly earned $2,508 in 1983. Her wages were applied towards the purchase of a used automobile, which is her transportation to and from the high school that she still attends. Since January 1983, the date that the father discontinued regular child support payments, the mother has supplied all of the child’s needs.
Where a trial court presides over an ore tenus trial, this court upon an appeal will not disturb the holding of the trial court as to a credit against child support arrearage unless the decision of the trial court was not supported by the evidence or was palpably wrong. In short, the ore tenus rule applies to this case. Stringer v. Sheffield, 451 So.2d 320 (Ala.Civ.App.1984). Additionally, the award or the denial of such a credit lies within the judicial discretion of the trial court and such determination will not be altered on appeal in the absence of an abuse thereof. Stringer v. Sheffield, supra; Smith v. Smith, 443 So.2d 43 (Ala.Civ.App.1983); Marsh v. Marsh, 426 So.2d 847 (Ala.Civ.App.1983). The mother was awarded custody of Kelly and provided for Kelly’s support when the father practically ceased his child support payments. It cannot be said that Kelly was self-supporting. The evidence upheld the trial court’s decision, which was not palpably wrong. The trial court did not abuse its discretion in failing to allow credit for Kelly’s earnings. The decision of the learned trial court was not inequitable and is hereby affirmed.
The appellee’s motion for attorneys’ fees upon this appeal is granted and the appellant shall pay to the appellee’s attorneys the sum of $500 therefor. All'other motions of the appellee which are presently pending before this court in this cause are overruled.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.