Wife brought suit for divorce on July 16, 1982. Various motions and proceedings pendente lite were filed including a motion by the wife to prohibit husband from residing in the family residence. Extensive recorded testimony was heard by the court on that motion on August 3, 1982. Order was entered and all other motions were set for September 2. The husband answered and cross-claimed on August 31. The September 2 hearing was continued to September 22 for trial on merits. On September 22 the case was transferred to a disposition docket apparently because counsel informed the court that settlement was imminent and the wife was in the hospital.
On November 5, 1982, the case was again set for trial on December 1. On December 1 there was continuance to December 15. On December 15, the case was continued at the request of counsel for the wife until December 29. It is admitted that the court, in granting the continuance on December 15, notified the parties and counsel that the matter was to be heard on December 29 without further continuance.
On December 29 counsel for the wife announced in open court that the wife, though informed of the date and time of the trial, had gone to Tennessee and had not returned. Counsel detailed his contacts with the wife by phone in Tennessee. He stated to the court her reason for being in Tennessee and failure to return. (She had gone to get her automobile repaired and *Page 1318 
repairs were not complete.) Counsel requested further continuance.
Upon denial of the continuance, counsel requested permission to withdraw as counsel for the wife. Permission to withdraw was granted, and the complaint of the wife was dismissed for failure of prosecution. Default was granted the husband on his cross complaint. The court proceeded to hear oral testimony in proof of his complaint for divorce.
The husband's complaint charged as grounds for divorce the adultery of the wife and incompatibility. After hearing the testimony, the court entered judgment for divorce without stating grounds. He gave custody of the minor child to the wife, with an award of child support. Division of personal and real property was decreed. Alimony of $10.00 per year was awarded the wife. Motion to set aside the judgment was denied after oral hearing. Wife appealed.
Though the number of issues stated are six, there are in fact only three basic issues presented on appeal. The first is whether the court erred in denying the request of the wife for continuance on December 29, and dismissing her complaint for want of prosecution.
The response to the first issue is found in the most recent case of Selby v. Money, 403 So.2d 218 (Ala. 1981). The court inSelby stated the principle that continuances are not favored, and a denial of a continuance will not be reversed without a showing of gross abuse of discretion. It is further stated that a dismissal of a complaint for want of prosecution is within the inherent power of a trial court to control its docket. The exercise of such power is reviewed only for abuse of that discretionary power. Selby v. Money, supra; Smith v. WilcoxCounty Board of Education, 365 So.2d 659 (Ala. 1978).
The evidence presented by the hearing on the post-trial motion to set aside, and by the record itself, presents a picture of delay in the face of established policy of the court to promptly hear and dispose of divorce cases. It is admitted that at the time of granting to the wife the continuance of December 15, that the court notified counsel and parties that the case would be tried on its merits on December 29. It is further undisputed that the wife left for Tennessee with that knowledge and that she was contacted several days before the 29th and reminded of the trial date. It is to be noted that no witnesses had been subpoenaed for the wife and no apparent preparation made for trial either by wife or her counsel. Wife, though claiming lack of funds to secure transportation from Tennessee, made no inquiries as to cost or means of returning to Mobile for trial. She just had to wait for her car to be repaired. In view of this evidence, we find no abuse of discretion in either denying a continuance or dismissing the complaint for want of prosecution.
The second issue is whether there was sufficient evidence presented to establish statutory grounds for divorce, either for adultery or incompatibility.
There was testimony produced at the hearing of the husband's complaint that the wife had admitted to him an affair of sexual intimacy with another man extending over three or four years. He had no personal knowledge or corroborative evidence of such an affair. Such an uncorroborated admission of adultery is insufficient to establish the statutory ground. Watson v.Watson, 278 Ala. 425, 178 So.2d 819 (1965); Hubbard v. Hubbard,55 Ala. App. 521, 317 So.2d 489, cert. denied, 294 Ala. 759,317 So.2d 492 (1975); § 30-2-3, Code 1975.
There was testimony of the husband as to the incompatibility of the parties. Standing alone, such testimony may be deemed insufficient to establish the statutory ground of incompatibility of temperament as defined and discussed by this court in Helton v. Helton, 362 So.2d 257 (Ala.Civ.App. 1978);Kegley v. Kegley, 355 So.2d 1121 (Ala.Civ.App. 1977); cert.denied, 355 So.2d 1123 (Ala. 1978); Gamble v. Gamble,53 Ala. App. 168, 298 So.2d 254, cert. denied, 292 Ala. 721,298 So.2d 260 (1974). However, *Page 1319 
there was before the trial court, and present in the record before this court, substantial testimony as to the relationship of the parties and events occurring between them prior to their separation. There were admissions by each of them that they could not continue as man and wife. There was also testimony of others as to their difficulties. Therefore we find that there had been presented to the trial court sufficient cumulative evidence for granting a divorce for incompatibility of temperament. Clark v. Clark, 384 So.2d 1120 (Ala.Civ.App. 1980).
The last issue is whether the judgment of the court is unjust. The trial court in our opinion, based upon the testimony presented, rendered an unusually fair judgment for the wife. We are impressed with the apparent candor and fairness of the husband in admitting the need for providing a home for his child and her mother. The award of child support appears reasonable. The division of personal property with the wife appears more than reasonable. Whether more than the nominal alimony granted would have been granted the wife had she been present and testified is conjectural. That issue at least remains open to possible modification if circumstances change in the future. The trial court properly retained jurisdiction of that matter.
In summary, we find no abuse of the discretion of the trial court, nor do we find the judgment rendered unjust.
Requests for attorney fees on appeal are denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.