ADAMS, Justice.
The plaintiff, Jack Thompson, appeals from a summary judgment holding that his claims against the defendant, E.A. Industries, Inc., were barred by the statute of limitations. We reverse.
On August 30, 1982, while at work, Thompson was struck and severely injured by his employer’s[1] railcar. A year later, on August 30, 1983, Thompson sued the railcar’s manufacturer, E.A. Industries, Inc.,[2] and various fictitiously named parties.[3]
Thompson then attempted, unsuccessfully, to serve process on E.A. Industries in North Carolina, its state of incorporation, at its registered place of business, 2028 Euclid Avenue, Charlotte, N.C.[4] On March 20, 1984, nearly seven months later, Thompson learned that E.A. Industries’ North Carolina address was actually in Ashville, N.C. On August 29, 1986, Thompson attempted to amend his original complaint to add claim based on breach of implied warranties of merchantability and fitness for the intendéd purposes of the railcar. That amendment was not allowed. On September 11, 1986, more than three years following the initial filing of his claims, Thompson perfected service on E.A. Industries at its Ashville address.
The trial court entered summary judgment for E.A. Industries on the basis that Thompson’s claim was time-barred by the one-year statute of limitations. Thompson appeals, contending that the trial court erred in disallowing his amendment and in dismissing his tort claims as barred by the statute of limitations.
In considering Thompson’s appeal, we must look first to the trial court’s dismissal of his tort claims. His complaint was filed on August 30,1983. Subsequently, Thompson attempted, unsuccessfully, to serve *1363 process. In March 1984, he learned of E.A. Industries’ correct address in Ashville, N.C.; however, even after ascertaining the correct address, he did not serve process until September 11, 1986.
In addressing this issue, in Ward v. Saben Appliance Co., 391 So.2d 1030 (Ala.1980), we noted the following language from Professor Moore:
“ ‘Although fully aware of the question as to the effect of Rule 2 in relation to statutes of limitations, the Advisory Committee refrained from drafting a clarifying provision. It proceeded on the theory that since Rule 3 might or might not affect statutes of limitations, which in turn probably involved a matter of substance, the complex problem should be left for determination of the courts, without the hindrance of an express provision commanding or prohibiting a particular decision.’
“2 Moore’s Federal Practice 113.07[1], at 3-46 (2d ed. 1948).”
Ward, 391 So.2d at 1032.
Rule 3, its comments, and a number of cases decided by this Court, leave no doubt that two elements are required in order to satisfy the Rule 3 filing requirements, for purposes of a statute of limitations. They are: 1) the actual filing of an action with the appropriate court, and 2) the intention of having process served. Element two, intent, is manifested by several “extraneous factors.” In Pettibone Crane Co. v. Foster, 485 So.2d 712 (Ala.1986), we looked at Ward, and at De-Gas, Inc. v. Midland Resources, 470 So.2d 1218 (Ala.1985). There, we observed:
“[In Ward, we noted that] Monday, September 17, 1979, was the last day on which an action could be filed seeking damages for a slip and fall accident which occurred on September 16, 1978 (September 16, 1979, being a Sunday). Plaintiff’s attorney, at the time of filing, asked the clerk not to serve process until he could obtain more information in the case. Process was served on January 18, 1980. The trial court held that under these facts, the statute of limitations was not complied with by filing the complaint in the clerk’s office....
“The Court subsequently held in DeGas, Inc. v. Midland Resources, 470 So.2d 1218 (Ala.1985), that the plaintiff’s failure to pay the filing fee or to seek permission to proceed without the fee had the same effect as the plaintiff’s action in Ward, i.e., the withholding of service of process, and, thus, that the statute of limitations was not complied with by the mere filing of the complaint.”
Pettibone Crane Co., 485 So.2d at 713-14.
In both Ward and De-Gas, the intent not to serve the defendant or to pay the filing fees was manifested at the time of filing, i.e., the lack of intent prevented the actual filing from being timely and, therefore, barred the plaintiff’s claims by virtue of the statute of limitations. Such is not the case in the situation before us. There is no indication that when Thompson filed his complaint on August 30, 1983, he did not intend to serve process. In fact, service of process was attempted, but was unsuccessful. If this action were barred by the statute of limitations, we are of the opinion that it would have been barred as of August 30, 1983. However, if Thompson had perfected service even as late as March 1984, when he learned the correct address of E.A. Industries, he would not have been barred by the statute because the requisite intent appears to have been there at the time of filing. Therefore, how can we now say that although he would not have been barred by the statute of limitations as late as March 1984, that he is barred later by having withheld service until September 1986? While we recognize that the trial court treated such a situation as within the realm of the statute of limitations, we are of the opinion that the issue was rather one of whether to dismiss the case for failure to prosecute. Such a dismissal is discretionary with the trial court, see Owens v. Owens, 435 So.2d 1316 (Ala.Civ.App.1983), and we cannot say that the trial court would have dismissed the action if it had understood that the statute of limitations did not require a dismissal.
*1364 Likewise, we cannot say that the trial court would have denied Thompson leave to amend his complaint had it not considered the statute of limitations controlling as to the tort claims.
For the foregoing reasons, the judgment is due to be, and it hereby is, reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.

. Thompson was employed by Bickerstaff Clay Products, Inc., of Phenix City.

. At the commencement of this action, the defendant was known as Engineering Associates, Inc. Later it became known as E.A. Industries.

. In that action, Thompson alleged negligence, liability under the Alabama Extended Manufacturer’s Liability Doctrine, negligent failure to warn, and willful disregard for human life, and a number of other negligent acts.

.Under the laws governing corporations, businesses are required to register their addresses with the secretary of a state in which they conduct business.