This is a divorce case.
On December 7, 1989 Ronnie A. Murph (husband) and Linda P. Murph (wife) were divorced in the Mobile County Circuit Court after an ore tenus proceeding. The husband was granted custody of the couple's *Page 693 
minor child and the mother was awarded visitation rights. On January 4, 1990 the wife filed a motion for the court to reconsider the award of custody to the father. The trial court denied the motion. The wife appeals.
The initial question of custody of children is a matter left to the discretion of the trial court. Swanson v. Brookover,489 So.2d 598 (Ala.Civ.App. 1986). When a trial court makes its judgment based upon evidence presented ore tenus, that judgment will not be disturbed absent a showing of plain and palpable abuse. Mashburn v. Mashburn, 555 So.2d 1123 (Ala.Civ.App. 1989).
The sole issue on appeal is whether the trial court abused its discretion in awarding custody of the child to the father.
The welfare and best interests of the child are always the controlling consideration in child custody matters.Shepherd v. Shepherd, 531 So.2d 668 (Ala.Civ.App. 1988). Matters to be considered by the trial court include: the age and sex of the child; the child's emotional, social, moral, material, and educational needs; the respective home environments offered by the parties; the age, character, stability, and mental and physical health of those seeking custody; the capacity of each parent to provide for the needs of the child; and the relationship of the child to each parent.Ex Parte Devine, 398 So.2d 686 (Ala. 1981).
A detailed dissertation of the facts in this case would add nothing to the large body of case law on the subject of child custody. We have carefully reviewed the record and find evidence that both parties are fit persons to be awarded custody. There is evidence that both parents love the child and would be willing and able to care for her various needs and expenses.
The father testified that he would be living with his parents, who have a loving relationship with the child and who would be able to care for her during the time the father is working. The child would also be living a short distance from her mother and maternal grandparents. In light of these facts, we do not find any error in the trial court's judgment. There was sufficient evidence to support the grant of custody to the father and this case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.