MADDOX, Justice.
The issues presented in this case are whether the trial court committed reversible error by (1) allowing the plaintiff’s attorney to withdraw from the prosecution of the case on the day of trial and (2) subsequently refusing to grant the plaintiff a continuance.
In September 1989, Margaret Brown, attorney for the plaintiff, Sarah Ward Thomas, filed a motion to withdraw, four days before the trial date, stating that “the attorney and client, Sarah Thomas, have come to a point where the two can no longer work together congenially.” The motion further stated that the problems had existed during the entire time Brown had served as Thomas’s attorney, and that Brown had made a good faith effort to represent Thomas despite the continued problems. After hearing from both Brown and Thomas, the trial judge granted Brown’s motion to withdraw, stating:
“I understand the problems involved with it. I think the lady, Mrs. Thomas, had, from what I understand, that she represented to the Court earlier that she had an attorney whom she paid. That attorney withdrew from the case. We had a hearing set for July the 10th. On July the 10th we set a hearing and had a motion to dismiss at docket call and I dismissed her case for failure to prosecute back in July of ’89. And then Mrs. Thomas got in touch with the Court; I set it back on the docket again to allow her to get an attorney. And so, Mrs. Brown, your motion to withdraw is granted and it is time to proceed with the case.
“Okay, now Mrs. Thomas, you’ll be allowed to represent yourself if you wish. And you may proceed.”
Thomas represented herself. The trial court, sitting without a jury, found in favor of the defendant, Southeast Alabama Sickle Cell Association, Inc. Thomas appeals, contending that it was reversible error to allow Brown to withdraw and to refuse a continuance.
*846 Disciplinary Rule 2-111, of the Alabama Code of Professional Responsibility, permits withdrawal from representation of a client if the client “renders it unreasonably difficult for the lawyer to carry out his employment effectively.” [1] This matter must necessarily rest in large degree in the trial court’s discretion. See Patterson v. State, 51 Ala.App. 659, 288 So.2d 446 (1974); Howard v. McCarson, 215 Ala. 251, 110 So. 296 (1926); 7A C.J.S. Attorney and Client § 219 (1980). We find no abuse of that discretion here.
The decision as to whether to grant a continuance also rests in the discretion of the trial court. L.W. Johnson & Assoc. v. Rivers Constr. Co., 532 So.2d 618 (Ala.1988); Thomas v. Kellett, 489 So.2d 554 (Ala.1986). This suit was filed in May 1987, and the court had scheduled the case for trial approximately seven times over a period of two years. The case had been dismissed and had been later reinstated.
The trial judge expressed his reasons for denying a continuance:
“Okay, the problem here is that it’s not fair to you [Mrs. Thomas] or the other side either to have the witnesses come on and on and set it for trial over and over. So it is, basically, in my opinion, fundamentally unfair to do that. So we’re set for trial today, and you may represent yourself if you wish. You may dismiss your suit if you wish or if you’ve got other lawyers, you can call them, or anything else, but today is the day set. And Mrs. Brown, you may stay or leave, whichever you prefer.”
Thus, under the circumstances of this case, the trial judge did not abuse his discretion in denying the plaintiff another continuance. We have carefully reviewed the record in this ease and we find no abuse of discretion by the trial court. No error on the part of the trial court appears in its ruling.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.

. As of January 1, 1991, DR 2-111 was superseded by Rule 1.16(b), Alabama Rules of Professional Conduct, which permits the withdrawal from representation of a client if "the representation ... has been rendered unreasonably difficult by the client" or if “good cause for withdrawal exists.”