MADDOX, Justice.
The issue presented in this case is whether the trial court erred in its holding that the plaintiff had filed her complaint without the requisite intention of having process served upon the defendant at the time she filed. If she had that intent, then she satisfied the filing requirements for purposes of the statute of limitations; if not, then, pursuant to prior holdings of this Court, her complaint was untimely filed.
On October 3, 1988, the appellant, Josephine Dukes, as administratrix of the estate of Jeffrey Dwayne Dukes, filed a wrongful death action against William Jow-ers and the estate of Leonard Jowers (“the Jowerses”). The complaint alleged that the Jowerses wrongfully caused the death of Jeffrey Dukes on October 26, 1987, by shooting him one or more times with a shotgun.[1]
The complaint was not accompanied by a summons nor by any instructions to the clerk of the trial court with regard to service of the complaint upon the appellees. It did not set forth the addresses of the Jowerses. Further, Dukes failed to tender the entire filing fee.
The action was set for pretrial conference on March 27,1989, April 11, 1989, and December 19, 1989. Neither Dukes nor her attorney appeared at any of the pretrial conferences. Dukes had made no attempt to serve the complaint upon the Jowerses. On December 19, 1989, the trial court dismissed the action for want of prosecution.
In April 1990 the trial court granted Dukes’s motion to reinstate the case and allowed her 14 days to retain new and different counsel. She timely obtained new counsel, who filed summonses and copies of the complaint in September of that same year.
On October 22,1990, the Jowerses moved the trial court to dismiss the complaint on the ground that no effort was made to either file summonses or to serve the Jow-erses with process until after the applicable two-year limitations period[2] had expired and on the separate ground that the trial court lacked jurisdiction to reinstate the complaint.
In that motion, the Jowerses averred: “[T]his civil action was not commenced until September 25, 1990, which was the first time that summonses were filed and that any effort was made to perfect service of the summons and complaint upon the defendants. In Mace v. Centel Business Systems, 549 So.2d 70, 71 (Ala.1989), the Alabama Supreme Court ruled that ‘an action is not commenced for purposes of the statute of limitations if it is not filed “with the bona fide intentions of having it immediately served.”’ See also Pettibone Crane Co. v. Foster, 485 So.2d 712, 713 (Ala.1986), and Ward v. Saben Appliance Co., 391 So.2d 1030, 1035 (Ala.1980).”
*526 After the trial court held a hearing on the motion to dismiss, it entered an order dismissing Dukes’s complaint with prejudice on December 7, 1990. She appealed.
Dukes submits that “the appropriate inquiry is not whether the statute of limitations had run but whether she should have been held to have failed to prosecute the action,” citing Thompson v. E.A. Industries, Inc., 540 So.2d 1362 (Ala.1989). Dukes’s reliance upon Thompson is misplaced.
In Thompson, the plaintiff filed suit and “attempted, unsuccessfully, to serve process on [the defendant].” Three years later, the plaintiff perfected service upon the defendant in another city. The trial court entered a summary judgment for the defendant on the basis that the plaintiff’s claim was time-barred by the one-year statute of limitations. This Court reversed, holding that the evidence indicated that the plaintiff had had the requisite intention to have process served at the time of filing of the summons; the Court stated:
“[T]he issue was rather one of whether to dismiss the case for failure to prosecute. Such a dismissal is discretionary with the trial court. Owens v. Owens, 435 So.2d 1316 (Ala.Civ.App.1983), and we cannot say that the trial court would have dismissed the action if it had understood that the statute of limitations did not require a dismissal.”
Id. at 1363.
In contrast, while Dukes’s complaint was filed well within the two-year statute of limitations period, it was not accompanied by any summonses to be served on the defendants nor by any instructions to the clerk pertaining to service, even though the defendants’ addresses were easily obtainable. Further, the record reveals that the entire filing fee was not paid when the complaint was delivered to the clerk’s office, and that, in fact, the remainder of the filing fee was not paid until more than two years from the date of Jeffrey Dukes’s death.
In the present case, as in both Ward v. Saben Appliance Co., 391 So.2d 1030 (Ala.1980), and De-Gas, Inc. v. Midland Resources, 470 So.2d 1218 (Ala.1985), the intent not to serve the defendants or to pay the entire filing fee was manifested at the time of filing; thus “the lack of intent prevented the actual filing from being timely and, therefore, barred the plaintiffs claims by virtue of the statute of limitations.” Thompson at 1363. This action would have been barred after October 26, 1988, two years after Jeffrey Dukes’s death.[3]
For the foregoing reasons, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and HOUSTON, KENNEDY and INGRAM, JJ., concur.

. The appellees aver that the date of death as stated in the complaint, October 26, 1987, is inaccurate and should be correctly stated as October 26, 1986. They point out that they offered into evidence at the hearing on the motion to dismiss a copy of the indictment, dated December 8, 1986, that charged Leonard Howard Jowers with the shooting death of Jeffrey Dukes. This alleged inaccuracy is inconsequential to our determination of this case.

. Pursuant to Ala.Code 1975, § 6-5-410, a wrongful death action “must be commenced within two years from and after the death of the testator or intestate.”

. Even using the October 26, 1987, date, the plaintiffs action is still barred by the statute of limitations.