THIGPEN, Judge.
This is a divorce case.
Keith Allen Jacobs (father) filed a divorce petition in October 1991, alleging an irretrievable breakdown of the marriage and requesting, inter alia, custody of the parties’ six-year-old daughter. Margaret Adel Jacobs (mother) filed a motion to dismiss for lack of jurisdiction. After that motion was denied, she answered and counterclaimed for divorce, requesting the trial court to assume jurisdiction. The trial court granted the mother’s first request for a continuance “in order to give Mrs. Jacobs time to return to the United States with the child,” but denied her subsequent one. The cause ultimately was heard in March 1992. The mother was not present at trial, but she was represented by counsel. The trial court entered its judgment in April 1992, divorcing the parties and, inter alia, awarding custody of the daughter to the father. The mother’s post-judgment motion was denied. Hence, this appeal.
The mother contends on appeal that the trial court abused its discretion in denying her request for a continuance and in trying the case in her absence; and, alternatively, she argues that the trial court erred in awarding custody of the daughter to the father.
The father asserts that the mother’s pleading is defective and, hence, that her appeal is barred. The father unpersuasively argues that the mother is appealing only the post-judgment order, and not the trial court’s divorce judgment. Our review of the mother’s notice of appeal clearly discloses that she appeals the divorce judgment and the denial of her subsequent post-judgment motion. Rule 3(c), A.R.App.P.
When testimony in a divorce case is presented ore tenus, there is a strong presumption that the trial court’s ruling with respect to child custody is correct. Wheeler v. Wheeler, 574 So.2d 832 (Ala.Civ.App.1990). A custody determination will be reversed only if it is so unsupported by the evidence as to be plainly and palpably wrong. Bowden v. Bowden, 601 So.2d 1045 (Ala.Civ.App. *409 1992). Although several witnesses testified at trial, the mother attempts to argue that the ore tenus rule does not apply because she was not present at her own divorce trial for the trial court to observe.
From the record, it appears that the parties married in Alabama in December 1975, and that shortly afterwards, the father entered active duty in the army. During the course of their marriage, the couple lived at various posts in this country and abroad. The father was transferred to Germany in 1987, and the mother and daughter moved with him. The father separated from the service and returned to Alabama in August 1991. The mother remained in Germany with the parties’ daughter.
After the father filed for divorce, the mother claimed to be unable to afford transportation to appear at the divorce proceedings. The trial court granted a continuance to allow the mother to accumulate enough money for air fare, and the record reveals that the father provided $450 to the mother through her attorneys for air fare. At the beginning of trial, her attorneys requested another continuance, which was denied. The trial court proceeded with the trial.
The mother first contends that the trial court abused its discretion in denying her second motion for a continuance and in holding the trial in her absence. Whether to grant a motion for a continuance is a matter within the discretion of the trial court. Thomas v. Southeast Alabama Sickle Cell Association, Inc., 581 So.2d 845 (Ala.1991). Continuances are not favored in law, and denial of a continuance will not be reversed absent a showing of a gross abuse of discretion. Owens v. Owens, 435 So.2d 1316 (Ala.Civ.App.1983). The trial court refused to grant a second continuance, stating that it appeared the mother was attempting to avoid the proceeding. Generally speaking, trial courts owe no duty to notify parties of settings or to continue cases because of a litigant’s absence. D. & J. Mineral and Mining, Inc. v. Wilson, 456 So.2d 1099 (Ala.Civ.App.1984). See also Taylor v. Morgan, 379 So.2d 1256 (Ala.1980). We find no error here.
Last, the mother contends that the trial court erred in granting custody of the child to the father. In determining custody, the trial court’s controlling consideration is the welfare and best interests of the child. Shepherd v. Shepherd, 531 So.2d 668 (Ala.Civ.App.1988). In determining the child’s best interests, the trial court must weigh such factors as the age and sex of the child; the child’s emotional, social, moral, material, and educational needs; the respective home environments offered by the parties; the age, character, stability, and mental and physical health of each parent; the capacity of each parent to provide for the needs of the child; and the relationship of the child to each parent. Murph v. Murph, 570 So.2d 692 (Ala.Civ.App.1990). Further, the doctrine of tender years has long been abolished in Alabama. Hartselle v. Hartselle, 475 So.2d 860 (Ala.Civ.App.1985).
Testimony adduced at trial indicates that the father separated from the service after approximately 16 years of service and returned to Alabama. He lives with his parents, his sister, and his niece, and he is employed full-time. He testified that he is a recovering alcoholic and attends Alcoholics Anonymous. He testified regarding his relationship with his daughter and his desire for her to grow up in this country. There was evidence of support from other members of the family. Although it appears from the father’s own testimony that the mother is a capable parent, we cannot find that the trial court committed reversible error in awarding custody to the father. Bowden, supra.
A thorough review of the record reveals that the trial court acted within its discretion in denying the mother’s request for a second continuance and in holding the trial in her absence, and that the trial court’s award of custody to the father is also supported by the evidence. Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.