HOUSTON, Justice
(dissenting).
I dissent for the reasons set forth in my dissenting opinion in King v. National Spa & Pool Institute, 607 So.2d 1241 (Ala.1992).
I also note that the wrongful death claim was not filed until five years after Hog-land’s death. I do not see how the majority can rely on King v. National Spa for its holding in this case. In King, the wrongful death action was filed a few weeks after Halpern’s death, well within the two-year limitations period provided for in Ala. Code 1975, § 6-5-410(d): “Such action must be commenced within two years from and after the death of the testator or intestate.” This is a molar movement by this Court and by implication overrules numerous cases: Dukes v. Jowers, 584 So.2d 524 (Ala.1991); Cofer v. Ensor, 473 So.2d 984 (Ala.1985); McMickens v. Waldrop, 406 So.2d 867 (Ala.1981); Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465 (Ala.1979), cert. denied, 445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980).