636 So.2d 410 (1994)
Ex parte Margaret Adel JACOBS.
(Re Margaret Adel JACOBS v. Keith Allen JACOBS).
1921339.
Supreme Court of Alabama.
February 4, 1994.
Joseph W. Warren and Thomas B. Klinner of Capouano, Wampold, Prestwood & Sansone, P.A., Montgomery, for petitioner.
J. Knox Argo, Montgomery, for respondent.
KENNEDY, Justice.
In this divorce case we granted certiorari review to determine whether the trial court abused its discretion in (1) denying the wife's motion for a continuance and trying the case in the wife and child's absence and (2) awarding custody of the couple's minor daughter to the father.
The facts are as follows: The couple was married in 1975 in Alabama. On October 1, 1991, the husband filed a divorce complaint, alleging an irretrievable breakdown of the marriage and requesting, inter alia, custody of the couple's six-year-old daughter. The wife, who currently resides in Germany, obtained counsel in Alabama and filed a motion to dismiss for lack of personal jurisdiction. The trial court denied the motion. The wife answered and counterclaimed for a divorce, requesting the trial court to assume jurisdiction.
On January 22, 1992, the wife moved for a continuance, stating that she was living in Germany and needed time to return to the *411 United States with the child. Over the husband's objection, the trial court granted a continuance until March 18, 1992.
On March 18, 1992, counsel for the wife filed a second motion for a continuance; this motion alleged that the wife had been unable to accumulate sufficient funds for travel from Germany to the United States. The trial court denied the motion and held the trial in the wife and child's absence. The trial court entered a final judgment of divorce; that judgment awarded custody of the child to the husband.
The Court of Civil Appeals held that the trial court did not abuse its discretion in denying the second continuance and that the trial court's award of custody to the husband was supported by the evidence. 636 So.2d 412. We disagree.
The first issue is whether the trial court abused its discretion in denying a second continuance and holding the trial in the wife and child's absence. The evidence tended to show that the husband was in the military service of the United States; that during the marriage, the wife and child had lived with the husband at various military posts in this country and abroad; that in 1987 the husband was transferred to Germany and the wife and child moved there with him; and that the husband left military service in August 1991 and returned to Alabama, with the wife and child remaining in Germany.
When the husband sued for divorce, the wife contended that she was unable to afford air fare to return to Alabama. The record indicates that the husband sent the wife $450 for air fare. The record also indicates that round-trip air fare for one from Frankfurt, Germany, to Montgomery, Alabama, is approximately $915. The wife's job, which she obtained shortly before the trial, pays the equivalent of $850 per month.
The Court of Civil Appeals cited Thomas v. Southeast Alabama Sickle Cell Ass'n, 581 So.2d 845 (Ala.1991), for the proposition that whether to grant a motion continuance is a matter within the sound discretion of the trial court. In Thomas, the trial court had scheduled and rescheduled the trial approximately seven times over a two-year period. The Court of Civil Appeals also cited Owens v. Owens, 435 So.2d 1316 (Ala.Civ.App.1983). In Owens, the court stated the principle that "continuances are not favored, and a denial of a continuance will not be reversed without a showing of gross abuse of discretion." 435 So.2d at 1318.
The facts underlying Owens are distinguishable from those in this case. In Owens, the trial court had granted at least three continuances. After being told that the court would grant no more continuances, the wife went to Tennessee. On the day of trial, the wife claimed that repairs on her automobile had not been completed and that she therefore could not return to Alabama, and she claimed that she lacked the funds to secure other transportation to Alabama. The court noted in Owens that no witnesses had been subpoenaed for trial and that neither the wife nor her counsel had made any preparation for trial.
In this case, the wife was in Germany when the husband filed his complaint. The evidence in the record suggests that the wife was financially unable to afford the air fare, even with the husband's $450 contribution. The wife's counsel was prepared for trial and tried the case without the wife or child being present. The record does not suggest that the wife was trying to avoid the proceeding. Although whether to grant or deny a continuance is within the discretion of the trial court, that discretion is not without limitations. We conclude that the trial court erred in denying the second motion for a continuance.
The second issue is whether the trial court erred in granting custody of the child to the husband. As the Court of Civil Appeals correctly stated, the trial court's controlling consideration in determining child custody is the best interests of the child. The trial court should consider such factors as the age and sex of the child; the child's emotional, social, moral, material, and educational needs; the respective home environments offered by the parties; the age, character, stability, and mental and physical health of each parent; the capacity of each parent to provide for the needs of the child; and the relationship of the child to each *412 parent. Murph v. Murph, 570 So.2d 692 (Ala.Civ.App.1990).
The trial court had no chance to view the child because of the seemingly uncontrollable circumstances of the mother. The trial court did not have the opportunity to consider the respective home environments, the relationship between the child and the mother, or any characteristics of the mother. At the very least, the court should have appointed a guardian ad litem for the child.
As this Court has previously held, a parent having custody of a minor child cannot be deprived of that custody, even temporarily, without being given adequate notice and an opportunity to be heard. Ex parte Williams, 474 So.2d 707 (Ala.1985). In this case, it is undisputed that the wife was properly notified under the Alabama Rules of Civil Procedure. However, given the particular facts of this case, we must conclude that the wife was denied an opportunity to be heard.
For these reasons, we reverse the judgment of the Court of Civil Appeals and remand the case for that court to order a new trial.
REVERSED AND REMANDED.
ALMON, SHORES, STEAGALL, INGRAM and COOK, JJ., concur.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
In reversing judgment of the Court of Civil Appeals, this Court is substituting its judgment for that of the trial judge, who saw the witnesses, heard the testimony, and was familiar with the events surrounding this controversy.
One of the issues presented here is whether the trial court's denial of the wife's second motion for a continuance was an abuse of discretion. The granting of a motion for a continuance is a matter within the discretion of the trial court. Thomas v. Southeast Alabama Sickle Cell Association, Inc., 581 So.2d 845 (Ala.1991). The wife requested a second continuance for the same purpose as the first continuance, which had been granted two months earlier, and the motion was made at the time of the trial by the wife's counsel because she was not present. The trial court concluded that the wife was attempting to avoid the proceeding. This Court should not question its judgment under these circumstances.
The other issue presented in this case is whether the evidence supported the trial court's judgment regarding the custody of the child. In Ex parte P.G.B., 600 So.2d 259, 261 (Ala.1992), we held that the trial court's judgment in child custody cases should be affirmed unless it is based on findings that are "so poorly supported by the evidence as to be plainly and palpably wrong." The Court of Civil Appeals found that there was evidence to support the trial court's custody determination, and I agree.
Based on the foregoing, I must respectfully dissent.