In reversing judgment of the Court of Civil Appeals, this Court is substituting its judgment for that of the trial judge, who saw the witnesses, heard the testimony, and was familiar with the events surrounding this controversy.
One of the issues presented here is whether the trial court's denial of the wife's second motion for a continuance was an abuse of discretion. The granting of a motion for a continuance is a matter within the discretion of the trial court.Thomas v. Southeast Alabama Sickle Cell Association, Inc.,581 So.2d 845 (Ala. 1991). The wife requested a second continuance for the same purpose as the first continuance, which had been granted two months earlier, and the motion was made at the time of the trial by the wife's counsel because she was not present. The trial court concluded that the wife was attempting to avoid the proceeding. This Court should not question its judgment under these circumstances.
The other issue presented in this case is whether the evidence supported the trial court's judgment regarding the custody of the child. In Ex parte P.G.B., 600 So.2d 259, 261
(Ala. 1992), we held that the trial court's judgment in child custody cases should be affirmed unless it is based on findings that are "so poorly supported by the evidence as to be plainly and palpably wrong." The Court of Civil Appeals found that there was evidence to support the trial court's custody determination, and I agree.
Based on the foregoing, I must respectfully dissent.