THOMAS, Judge.
Cille Marie Eaton (“the mother”) and Kurtis Weldon Eaton (“the father”) were divorced by the Pike Circuit Court on January 4, 2006. The circuit court entered a judgment that incorporated the parties’ settlement agreement and awarded physical custody of the parties’ child (“the child”) to the father. The mother was required to pay monthly child support to the father, and the father was required to pay monthly periodic alimony to the mother.
Although the child’s custody is not at issue in this appeal, it is undisputed that, in July 2010, the father was hospitalized for inpatient psychiatric services and the mother received temporary custody of the child. At some point in 2010 the father resumed custody of the child. On December 7, 2011, the mother filed a motion for contempt and an affidavit in which she asserted that, with the exceptions of three partial payments, the father had failed to pay alimony since May 2010. The father answered the mother’s contempt motion, denying her allegation. He filed a counterclaim in which he alleged that the mother should be held in contempt because she had failed to pay child support. Among other things not pertinent to this appeal, the father also requested the termination of his periodic-alimony obligation.
On July 13, 2012, the mother filed a motion for a final hearing, requesting a hearing date that would “allow time for discovery to take place.” The mother claimed that she had not sought discovery from the father because she had hoped to reach a settlement agreement with the father without a hearing. The circuit court, on July 16, 2012, set a hearing for October 10, 2012. The father made his discovery requests on July 17, 2012. The mother submitted a set of interrogatories to the father on September 11, 2012, *495 which, pursuant to Rule 33(a), Ala. R. Civ. P., made the father’s responses due no later than October 11, 2012 — one day after the scheduled hearing. The mother did not seek the circuit court’s permission to shorten the 30-day period to respond to the interrogatories provided in Rule 33(a).
On October 5, 2012, the mother’s attorney discovered that the mother had been ill; he then filed a motion for a continuance, asserting that he had been unable to consult with the mother although he had “made numerous attempts over the past couple of weeks to contact the [mother] to schedule to meet to prepare for the final hearing.” According to the motion, the mother had been hospitalized “for over a week suffering from severe pneumonia” and was still weak. In the motion the mother’s attorney asserted that he had been unable to prepare the mother to testify, that discovery was pending, and that the parties were likely to reach an amicable settlement agreement before the date of the hearing if a continuance was granted. The father filed an objection to the mother’s motion to continue, arguing that the parties had had ample time to prepare for the trial. The father asserted that a settlement agreement was unlikely and that “discovery should not be an issue” because the discovery requests filed by the mother were not due “until the day after the hearing.” The mother responded, arguing that the father had “made it clear that he ha[d] no intention of providing discovery to the [mother] before the [hearing].” Thus, according to the mother, she would be unable to prove that the father was in arrears on his periodic-alimony obligation. The mother sought an order that, among other things, would require the father to produce the requested discovery by October 8, 2012.
Central to the issues on appeal are the events of October 8, 2012, and October 9, 2012, which we list in chronological order. On October 8, 2012, the mother’s attorney filed a motion to withdraw and requested an order granting a continuance to allow the mother time to retain a new attorney; the mother’s attorney asserted this ground, in addition to his original ground, asserted in the October 5, 2012, motion to continue, in which the mother’s attorney had alleged that there had been a “complete breakdown of communication” between the mother and her attorney. On October 9, 2012, at 12:08 p.m., the circuit court entered an order denying the mother’s motion to continue. At 12:16 p.m. the circuit court entered an order requiring the father to respond to the mother’s discovery requests “on or before October 10, 2012, at 9:00 a.m.” At 12:55 p.m. the circuit court entered an order denying the mother’s attorney’s motion to withdraw; however, without explanation, at 4:00 p.m., the circuit court entered an order granting the mother’s attorney’s motion to withdraw and confirming that the hearing was set for the following day at 9:00 a.m. On October 10, 2012, the mother, acting pro se, appeared, and the circuit court conducted a trial.
The circuit court entered a judgment on December 7, 2012, in which it denied the mother’s motion for contempt and the father’s motion for contempt. However, it terminated the father’s periodic-alimony obligation because it determined that the mother had cohabited "with a member of the opposite sex. The mother filed a notice of appeal on January 17, 2013, seeking our review of three issues: (1) whether the circuit court erred by terminating the father’s periodic-alimony obligation, (2) whether the mother provided evidence demonstrating that the father was in arrears on his periodic-alimony obligation and, therefore, that he should have been held in contempt, and (3) whether the circuit court exceeded its discretion by con *496 ducting the trial after it denied the mother’s motion to continue and granted the mother’s attorney’s motion to withdraw. Because our resolution of the third issue raised by the mother is dispositive of this appeal, we address only that issue and pretermit discussion of the mother’s other issues. See Favorite Mkt. Store v. Wal-drop, 924 So.2d 719, 728 (Ala.Civ.App.2005) (stating that this court would pretermit discussion of other issues in light of dispos-itive nature of one issue).
Both the denial of a motion to continue and a grant of a motion to withdraw are matters resting within the sound discretion of the trial court, which we review for an abuse of discretion.
“ ‘ “[Continuances are not favored and ... a trial court’s denial of a motion for continuance will be upset only when a palpable or gross abuse of discretion has been shown.” Johnson Publishing Co. v. Davis, 271 Ala. 474, 496, 124 So.2d 441, 459 (1960). Scullin v. Cameron, 518 So.2d 695, 698 (Ala.1987).”
Copeland v. Samford Univ., 686 So.2d 190, 194 (Ala.1996); see also 17 C.J.S. Continuances § 49 (2011).
“Whether to permit an attorney to withdraw from representing a client is a matter resting within the sound discretion of the trial court. Thomas v. Southeast Alabama Sickle Cell Ass’n, Inc., 581 So.2d 845 (Ala.1991). In Steele v. Gill, 283 Ala. 364, 369, 217 So.2d 75, 80 (1968), this Court, acknowledging that there is ‘no hard and fast rule’ to be applied in determining whether a trial court has abused its discretion, wrote:
“ ‘[Discretion is abused whenever, in its exercise, the court has acted arbitrarily without the employment of its conscientious judgment, or has exceeded the bounds of reason in view of all the circumstances, or has so far ignored recognized rules or principles of law or practice as to [cause] substantial injustice.’ ”
Hale v. Larry Latham Auctioneers, Inc., 607 So .2d 154,155 (Ala.1992).
In Owens v. Owens, 435 So.2d 1316, 1317-18 (Ala.Civ.App.1983), we considered whether a trial court had erred in denying a request for a continuance when the trial court had granted at least three continuances and had notified the parties that it would grant no further requests for a continuance. In Owens, the wife had failed to appear at the trial, claiming that she had had automobile trouble. The trial court noted that the wife had had no subpoenas issued and had made no preparation for the trial. Owens, 435 So.2d at 1318. On appeal, we concluded that the trial court had not abused its discretion when it denied the motion to continue. Id. at 1319.
In Thomas v. Southeast Alabama Sickle Cell Ass’n, 581 So.2d 845, 845 (Ala.1991), our supreme court considered whether a trial court had committed reversible error by “(1) allowing the plaintiffs attorney to withdraw from the prosecution of the case on the day of trial and (2) subsequently refusing to grant the plaintiff a continuance.” In Thomas, the attorney filed a motion to withdraw four days before the trial date. Id. The trial court heard from the attorney and the client on the trial date, and the trial court orally granted the attorney’s motion to withdraw. Id. The trial court then refused to continue the trial because the client had exhibited a pattern of delaying her action by requesting time to retain new counsel. Id. Our supreme court did not find an abuse of the trial court’s discretion based on the trial court’s expressed reason for denying the continuance — that “the court had scheduled the case for trial approximately seven times over a period of two years.” Id. at 846.
*497 In Jacobs v. Jacobs, 636 So.2d 407 (Ala.Civ.App.1993), rev’d, Ex parte Jacobs, 636 So.2d 410 (Ala.1994), this court considered whether a trial court had abused its discretion by denying the wife’s second motion to continue and holding the trial in the absence of the wife and the child, who both lived in Germany. Although a motion to withdraw was not at issue in Jacobs, we relied on Thomas, noted that continuances are not favored, citing Owens, and concluded that the trial court had not exceeded its discretion by denying the motion to continue. Our supreme court reversed the judgment of this court and remanded the cause for a new trial in Ex parte Jacobs because the facts underlying Jacobs were distinguishable from the facts underlying Owens. Ex parte Jacobs, 636 So.2d at 411.
In Ex parte Jacobs, our supreme court noted that the record contained evidence indicating that the wife was unable to afford airfare and that the wife’s attorney was prepared for the trial. In reversing our judgment, our supreme court explained the difference between Owens and Jacobs:
“The record [in Jacobs] does not suggest that the wife was trying to avoid the proceeding. Although whether to grant or deny a continuance is within the discretion of the trial court, that discretion is not without limitations. We conclude that the trial court erred in denying the second motion for a continuance.”
Ex parte Jacobs, 636 So.2d at 411 (emphasis added).
 In Wright Therapy Equipment, LLC v. Blue Cross and Blue Shield of Alabama, 991 So.2d 701 (Ala.2008), our supreme court determined that the trial court had abused its discretion by denying a motion for a continuance, requested for the purpose of retaining new counsel when prior counsel had filed a motion to withdraw 33 days before the trial.
“ ‘The right to appear through privately retained counsel in a civil matter is embedded in Article I, § 10, Ala. Constitution, 1901: “That no person shall be barred from prosecuting or defending before any tribunal in this state, by himself or counsel, any civil cause to which he is a party.” It is clear that this “constitutional right to be represented by counsel ... cannot be unduly impinged.” Loreno v. Ross, 222 Ala. 567, 570, 133 So. 251, 253 (1931). A party to a civil action who is not in default is entitled to be represented by counsel during trial. Whaley v. State, 263 Ala. 191, 82 So.2d 187 (1955). The constitutional right to counsel is a substantial right and, therefore, a denial of that right affirmatively implies injury. State Realty Co. v. Ligon, 218 Ala. 541, 119 So. 672 (1929).’
“Ex parte McCain, 804 So.2d 186, 189 (Ala.2001).”
Wright Therapy, 991 So.2d at 709.
To resolve this appeal, we rely on our supreme court’s reasoning in Ex parte Jacobs and in Wright Therapy. Nothing in the record on appeal suggests that the mother was trying to avoid the proceeding. In fact, the mother was the party who filed the motion for a final hearing in the matter. The lapse of time between the setting of the hearing and the hearing date was less than three months, and the stated reason for the second motion for a continuance in this action was that the mother needed time to retain a new attorney because her attorney had requested to withdraw. Although whether to grant or deny a continuance is within the discretion of the trial court, we determine that the circuit court unduly impinged the mother’s right to be represented by counsel by de *498 nying the mother’s motion for a continuance at 12:08 p.m. and then granting the mother’s attorney’s motion to withdraw at 4 p.m. on the eve of the hearing. The mother is entitled to a new hearing. We agree with the mother’s statement in her appellate brief that
“the cumulative effect of [the denial of the motion to continue and the grant of the motion to withdraw], particularly given the time frame involved, resulted in the [mother’s] being unrepresented by counsel with no notice that she needed to attempt to retain new counsel, woefully unprepared to proceed on her own, and unable to defend herself or prosecute her claims with any degree of effectiveness.”
Therefore, we reverse the judgment of the circuit court, and we remand the cause with instructions that the circuit court conduct a new trial.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
DONALDSON, J., concurs in the result, without writing.