EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a postdivorce proceeding. The wife sought (1) to enforce prior judgments concerning a debt owed by the parties and (2) to require the husband to pay an alleged arrearage in child support.
I.
When the parties were divorced on April 18, 1977, they were indebted to a bank under a joint note which was secured by a mortgage upon real estate owned by the wife. The divorce judgment ordered that, after a certain savings account was exhausted in making installment payments *1096 upon that debt, each party would be responsible for the payment of one-half of that indebtedness. Subsequently, the savings account was so expended and the trial court approved an agreement of the parties whereby the husband agreed to repay the wife all sums which she might be required to pay in order to prevent the foreclosure of the real estate mortgage.
On September 24, 1979 the debt was in default and the wife paid the balance of approximately $33,000 which was then due upon the note. She testified that her payment thereof was made after she received a telephone call from the bank accelerating the loan.
The husband sought to set off a debt of about $33,000 which he contends is due to his mother by both parties for living expenses loaned to them by his mother from 1972 until shortly before the 1977 divorce. The divorce judgment required both parties to equally pay all other living expenses not specifically mentioned therein.
The trial court rendered a judgment against the husband for his half of the total sums expended by the wife in final satisfaction of the bank note.
The husband first argues through able counsel, who is his present spouse, that the trial court was without subject matter jurisdiction to hear the complaint of the wife for the recovery of that debt.
Generally, a trial court has the inherent power to effectuate its own judgments. West v. West, 57 Ala.App. 327, 328 So.2d 583 (Ala.Civ.App.1975). Specifically, a trial court has the discretionary authority in a divorce case to require one or both of the spouses to pay a portion or all of the marriage debts, and the trial court has the power to enforce its prior divorce judgment which provides for a debt’s payment. Kaleta v. Kaleta, 452 So.2d 1338 (Ala.Civ.App.1984). However, if the matter which is sought to be enforced constitutes a simple business transaction, i.e. a debt ex contrac-tu, its payment cannot be coerced by contempt proceedings. Null v. Null, 423 So.2d 887 (Ala.Civ.App.1982). Contempt was not here involved. The trial court had jurisdiction over the subject matter.
The husband next contends that a debt due to his mother should have been set off against the bank note issue. His mother was not a party to this action. The husband has never paid the loans to his mother. Actually, he has never been requested by his mother to make any payment thereon, and he has never formulated any definite plans for doing so.
The trial court observed and heard the parties testify. Consequently, its finding as to that issue is presumed to be correct and can be set aside on appeal only if it was clearly and palpably wrong. Holmes v. Holmes, 487 So.2d 950 (Ala.Civ.App.1986). We have read, re-read, and studied the entire evidence upon this issue. The wife denied having any knowledge of any loan to them, or either of them, by the husband’s mother. She testified that she was not aware of any loan, gift, or advance made to her, to the husband, or to them jointly by his mother; that the husband had never discussed with her that he obtained any money from his mother, and that her mother-in-law had never talked with the wife about any debt that she contended was owed to her by the wife. That testimony was controverted by the husband and by his mother. No cancelled check, note, receipt, deposit slip, or any other writing which evidenced any such loan was introduced into evidence. Under those circumstances, the trial court could have validly concluded that it was not reasonably satisfied as to the existence of living expense loans to the parties from the husband’s mother. That issue is affirmed.
II.
The wife claimed that the husband was delinquent in his child support payments which were supposed to have been paid at the rate of $300 per month. The husband defended by claiming that child support had been settled by the parties in a separate nonsupport proceeding and, additionally, that he was entitled to credits against any child support liability for the following *1097 payments in the calendar years 1982 and 1983, the period in issue:
Cash payments to wife $ 2,100.00
Automobile for eldest child 2,655.44
Automobile repairs made at wife’s request 693.00
Automobile for son 2,298.60
College expense for eldest child 5,087.80
Total credits claimed $12,834.84
The trial court entered a judgment against the father for $5,000 for delinquent child support for that two-year period of time and the following findings were made as to that matter:
“5. As to the issue of child support for the period January 1, 1982 through December 31, 1983, the Court finds that there is an outstanding arrearage owed to the Plaintiff in the amount of $5,000.00. This sum was derived by taking the total obligation for the twenty-four (24) months period in question, i.e. $7,200.00, and subtracting the six (6) payments ($1,800.00) made by the Defendant and further crediting Defendant for $100.00 per month for four (4) months ($400.00) that he paid the oldest child’s college expenses for the September 1983-December 1983 period.
“6. The Court finds that, contrary to Defendant’s assertion, he did not pay but six (6) payments during the time in question. ...
“7. The Court further finds that the Defendant was not discharged from the child support arrearage by virtue of the action in Case No. DR-83-5367. To the contrary the Court finds that the notes of the Court in the case Action Summary Sheet only show his agreement to pay tuition he was not legally obligated to pay and to make regular payments, through the Court, of $300.00 per month beginning June 1, 1984. There was no acknowledgement of the receipt of any sums paid into Court at that time nor was the tuition payment tied to the child support owed at that time in any way as a set-off or payment in satisfaction or credit. To allow the tuition for one child to defeat the interest of the other children in the amount owed would be bad public policy. Furthermore to allow this in the case at hand would be to allow one party to make ad hoc deviations from the orders of the Court, which is clearly not permitted under the law and rules of procedure in Alabama. However, in fairness the Defendant is entitled to a partial credit of $100.00 per month for the four (4) months he paid tuition and fees for the oldest child to attend college during September-December 1983 since the child was not at home and virtually all her living expenses were paid for her college attendance.
“8. The Court finds that provision of an automobile for the two older children cannot be considered as a credit toward child support. It is admirable that the Defendant wishes to give his children the luxury of an automobile, but it is just that, a luxury, not an essential, and is not sufficient to meet the basic need for support as ordered by the Court and to which the Defendant agreed.”
The grant or refusal of a credit against court-ordered child support lies within the sound discretion of the trial court and its determination will not be reversed on appeal unless there was a palpable abuse of discretion. Brown v. Brown, 477 So.2d 454 (Ala.Civ.App.1985); Smith v. Smith, 443 So.2d 43 (Ala.Civ.App.1983); Sutton v. Sutton, 359 So.2d 392 (Ala.Civ.App.1978). We find no abuse of discretion in the present matter and adopt the reasoning as utilized by the trial court as to the various credit aspects. To alter the judgment as to the arrearage awarded and as to credits thereon would be an unauthorized substitution of our judgment for the sound judicial discretion which was exercised by the trial court. There was no error regarding the child support issue and credits against it.
The controlling issues, questions, and arguments have been answered. The final judgment was within the ambits of the law and it is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. *1098 SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.