Following ore tenus proceedings, the trial court divorced the parties and effected a division of marital property. The wife appeals, contending that the property division was inequitable and an abuse of discretion. We affirm. *Page 323 
The relevant facts are as follows:
The parties were married in December 1975. In February 1990 the wife filed a complaint for divorce, wherein she asked for an equitable division of certain real property owned jointly by the parties. On June 7, 1990, the parties appeared in a hearing before the trial court and advised the court that they had reached an agreement on a means of dividing this property, which comprised a house and 70 acres of land located in Coffee County. The agreement, which was approved by the trial court, provided that the house and land were to be appraised by a certified real estate appraiser, who would then submit the appraisal to the court. Thereafter, the court was to subtract from the appraised value the amount of outstanding mortgages and certain other monies paid by the wife for improvements to the house. One half of that figure would be considered the husband's interest in the property, which the wife was to buy within 90 days so that she could retain possession of the house and continue to conduct her business located on the property.
The agreement also provided that a party demurring from the certified appraiser's valuation of the property had the right to file an objection with the trial court. If such objection was filed within 15 days of the appraisal's submission to the court, the objecting party had the right to submit a second appraisal from another certified appraiser. If the trial court found that the second appraisal was materially different from the first, the court would then conduct an additional hearing to determine the true fair market value of the subject property.
The record reveals that the certified appraiser chosen by the parties inspected the house and 70 acres of land and submitted to the court an appraisal valuation of $104,300. Within 15 days the wife filed a notice of objection. She then hired another certified appraiser, who inspected the property and submitted an appraisal valuation of $82,000. The wife also requested that the court conduct a hearing to determine the true value of the property.
A hearing was held before the trial court on May 30, 1991, wherein the husband presented the testimony of the appraiser initially chosen by the parties setting the property's value at $104,800, A second appraiser testifying on behalf of the husband set the property's value at $104,000. The wife introduced the report of the appraiser she had hired setting the property's value at $82,000.
On July 24, 1991, the trial court entered a final judgment of divorce. In its order the court found the fair market value of the house and 70 acres of land to be $104,300. After making deductions pursuant to the parties' stipulations, the court calculated the husband's interest in the property to be $34,325.25 and, in accordance with the parties' prior agreement, ordered the wife to pay the husband this amount within 90 days. The court further ordered that the wife's failure to pay the husband this amount within 90 days would result in a lien being assessed against the real estate in favor of the husband with interest accruing after 90 days. The court also ordered that, at any time after the 90-day period, the husband could petition the clerk of the court to sell the property at a judicial sale so that he could receive his interest.
On appeal the wife insists that the trial court failed to give due consideration to the property valuation made by the wife's appraiser and, consequently, divided the marital property in an inequitable manner. She also maintains that, in making their agreement, it was not the intention of the parties that the court order the wife to pay a certain sum of money to the husband for his interest in the subject property without providing for an alternative method of disposal of the property.
It is a well-settled proposition of law in divorce cases that the judgment of the trial court entered after ore tenus proceedings is supported by a presumption of correctness.Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985).
We find no support for the wife's assertion that the trial court failed to give due consideration to the valuation made by the wife's appraiser. Pursuant to the parties' *Page 324 
prior agreement, the court held a hearing on May 80, 1991, for the decided purpose of determining the fair market value of the subject property. Based on the testimony of the husband's witnesses, one of whom was the appraiser originally selected by both parties, the trial court could have reasonably concluded that the value of the property was $104,300. We would note that at the hearing the wife merely introduced the report of her own appraiser, without any supporting testimony. The trial court was in a position to determine the more reasonable estimation of the property's fair market value, and we cannot find that the trial court abused its discretion when determining the property's value. This court's function on appeal is not to reweigh the evidence or to substitute its judgment for that of the trial court. Lewis v. Lewis, 494 So.2d 105 (Ala.Civ.App. 1986).
We also find no merit in the wife's contention that the trial court's final judgment failed to reflect the parties' intentions in reaching an agreement relating to disposal of the marital property. An examination of the final judgment of divorce reveals that the trial court effected precisely what the parties had previously requested in the agreement that was entered into the court's record on June 7, 1990. In the agreement the wife stipulated that it was her intent to keep the house and to operate her business from the subject property. She further stipulated to the method used in appraising the property and asked for 90 days to obtain funds to buy the husband's interest, indicating that it was her intent to do so as quickly as possible. There is no indication in the record that either the wife or the husband contemplated alternative methods of disposing of the property or intended for there to be further appraisals of the property's value after the hearing of May 30, 1991. It appears to this court that the wife's argument as to this issue is based largely upon her exception to the trial court's determination as to the property's fair market value.
While an agreement of the parties is not controlling upon a trial court when fashioning a final decree of divorce, the court is free to adopt any part of the agreement that it might deem to be proper under the circumstances. Mitchell v.Mitchell, 521 So.2d 62 (Ala.Civ.App. 1988). Additionally, issues concerning the division of marital property fall within a trial court's sound discretion. Montgomery v. Montgomery,519 So.2d 525 (Ala.Civ.App. 1987). This court may not disturb the exercise of that discretion unless the evidence discloses a clear and palpable abuse. Tate v. Tate, 477 So.2d 426
(Ala.Civ.App. 1985).
From a thorough review of the record we find no evidence that the property division effected by the trial court was inequitable. Nor do we find an abuse of discretion on the part of the trial court. Accordingly, the trial court's judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, PJ., and THIGPEN, J., concur.