ROBERTSON, Presiding Judge.
Mitchell G. Turberville (father) and Debra Amelia Turberville (mother) were mar *285 ried in October 1988. On October 22, 1991, the father filed an action for divorce, requesting, inter alia, that the trial court award him the care, custody, and control of the parties’ two minor children, a son and a daughter, ages three years and one year respectively. The mother immediately filed a counter petition for divorce which requested, inter alia, the care, custody, and control of the minor children and child support.
Following an ore tenus proceeding, the trial court made the following findings:
“3. that the parties last separated on or about the 21st day of October 1991, when the [father] removed the minor children of the parties from the joint marital residence after they had a dispute in which he inflicted physical violence upon [the mother].
[[Image here]]
“7. that the mother is an able bodied adult capable who, in spite of an attempt to commit suicide on or about August 15, 1989, is fully over her problems of depression and fully capable of seeing to the needs and wellbeing of her children.... It is also the court’s opinion that the mother’s problems stem from the [father’s] conduct in his continuous attempt to mentally and physically abuse her during their marriage and his failure to maintain employment and a home environment for the mother and minor children.
“8. that the mother and minor children are temporarily residing with Frank Bri-ans in Cherokee, Alabama, and this has caused overcrowding in the home and caused Frank Brians and his wife to expend sums of money for the support and maintenance of the mother and minor children, which the [father] has failed to do.
[[Image here]]
“11. that the father lacks the emotional maturity to cope with full-time responsibility of the rearing of his minor children without the assistance of his parents.
“12. that the [father] has inflicted physical and emotional cruelty upon his wife by the spreading of rumors, by refusing to accept financial responsibility for his family, by threatening to leave [the mother] and depriving her of their children, and by physically attacking her on at least two occasions.”
The trial court then awarded the mother the permanent care, custody, and control of the minor children and granted the father liberal visitation rights. Further, the trial court ordered the father to pay $81.42 per week to the mother as child support, to pay the indebtedness of the marriage (except for the mother’s student loan), and to pay $1,000 for her attorney’s fee.
The father argues on appeal that the trial court abused its discretion in granting custody of the minor children to the mother; that the trial court erred in failing to apply the mandatory child support guidelines in calculating the award of child support payments; that the trial court abused its discretion in awarding the mother an attorney’s fee in the amount of $1,000; and that the trial court erred in ordering the father to reimburse a non-party for expenses incurred during the time that the father and mother were separated.
The father contends that the best interests and welfare of the children would be served by awarding him the permanent care and custody of the minor children. The father argues that the trial court’s decision is unsupported by the evidence and that the trial court did not consider the factors used to determine the best interests and welfare of the children. Those factors to be considered are the age and sex of the children; the children’s emotional, social, moral, material, and educational needs; the home environments offered by each parent; the age, character, stability, and mental and physical health of each parent; the capacity of each parent to provide for the needs of the children; and the relationship of the children to each parent. Murph v. Murph, 570 So.2d 692 (Ala.Civ.App.1990). The welfare and best interests of the children are always the controlling considerations in child custody matters. Murph. Also, a trial court’s judgment in a divorce case presented ore tenus is presumed to be correct until it is shown to be plainly and *286 palpably wrong or unjust. Ex parte Jackson, 567 So.2d 867 (Ala.1990).
A recitation of the record evidence pertaining to this issue would serve no useful purpose. We do note, however, that the testimony before the trial court supports the trial court’s findings as set out above. After reviewing the record thoroughly, we cannot find that the award of custody of the minor children to the mother is so unsupported by the evidence as to be plainly and palpably wrong or unjust.
The father next contends that the trial court abused its discretion in ordering him to pay $81.42 per week in child support payments. He argues that the trial court’s award of child support payments was not in accordance with the mandatory child support guidelines of Rule 32, Alabama Rules of Judicial Administration. The record reveals that the father works at a chicken processing plant 38 to 40 hours per week and earns $6.20 per hour.
The record does not reflect how the child support payments were calculated by the trial court nor do they correspond with the Rule 32 guidelines. Consequently, we reverse as to this issue and remand for the trial court to determine child support payments in accordance with Rule 32, A.R.J.A.
The father also contends that the trial court abused its discretion in awarding the mother an attorney’s fee in the amount of $1,000. He argues that no evidence was presented as to the hours spent in the preparation and trial of the case. The award of an attorney’s fee in a divorce case is within the sound discretion of the trial court, and this court will not reverse except for an abuse of that discretion. Robbins v. Robbins, 460 So.2d 1355 (Ala.Civ.App.1984). We fail to find an abuse of discretion in this case.
Last, the father contends that the trial court erred in ordering him to reimburse a non-party for expenses incurred during the separation of the parties. The mother testified that she had lived with her sister and brother-in-law for two and one-half months while the parties were separated. The trial court ordered the father to reimburse the brother-in-law for expenses incurred for utilities and food during that time. The total amount involved was $200. The father argues that he should not have been ordered to repay the mother’s family. For this contention, the father cites no authority and thus has not complied with Rule 28, Alabama Rules of Appellate Procedure. In such instances, this court cannot reverse the judgment of the trial court. Harris v. Harris, 528 So.2d 866 (Ala.Civ.App.1988).
Accordingly, the judgment is due to be affirmed in part, reversed in part, and the case remanded for the father’s child support obligation to be calculated in accordance with Rule 32, A.R.J.A.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
RUSSELL, J., concurs.
THIGPEN, J., concurs in result only.