646 So.2d 124 (1994)
Paula Denise Boggs HILLIS
v.
W.L. BOGGS.
AV92000786.
Court of Civil Appeals of Alabama.
August 5, 1994.
*125 Sharon S. Day, Decatur, for appellant.
Edward E. Blair, Huntsville, for appellee.
YATES, Judge.
The parties were divorced in 1977. The mother was awarded custody of the parties' two minor children. On July 14, 1992, the father filed a petition to modify the divorce judgment, seeking custody of the youngest child.[1] The mother answered and counterclaimed, asking the court to order the father to pay a child support arrearage that she claimed was owed. On November 13, 1992, based upon an agreement reached by the parties, the trial court awarded the parties joint legal custody of the minor child, with the father as "primary residential caretaker." The mother was ordered to pay $256 per month as child support.
On May 20, 1993, the mother filed an "Amended Counterclaim," stating that her counterclaim for child support arrearage was "presently pending, as that counterclaim was preserved as a result of said Consent Order." She alleged that the minor child had become pregnant and, in March 1993, had moved into her home. She asked that she be made the primary caretaker of the child; that she be released from child support payment obligations; that the father be ordered to pay child support according to the child support guidelines; and that the father be ordered to pay the child support arrearage that she had claimed in her original counterclaim.
The court heard arguments of counsel and the parties submitted post-trial briefs. On August 2, 1993, the trial court entered an order awarding the parents joint legal custody of the minor child, with the mother as "primary residential caretaker." The father was ordered to pay $488.80 per month as child support. Further, the mother was awarded a $2,272 judgment against the father for a child support arrearage. The mother appeals, contending that the trial court erred: (1) in failing to award $19,063 to her in child support arrearage; (2) in failing to limit the father's credits against the arrearage to $3,677.01 in medical expenditures on behalf of the child; and (3) in ruling contrary to what she says was the stipulation and agreement of the parties regarding future child support.
Initially, we note that child support and its subsequent modification are matters that rest within the sound discretion of the trial court and that the trial court's judgment in regard to child support will not be reversed absent a showing of abuse of that discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). Further, the award or denial of credits against an arrearage lies within the sound discretion of the trial court, and its decision regarding credits will not be reversed without a showing of plain and palpable abuse. Kinsey v. Kinsey, 425 So.2d 483 (Ala.Civ.App.1983).
The mother first contends that the trial court erred in calculating the child support arrearage, arguing that the total arrearage due is $19,063, less a credit of $3,677.01 for medical expenses. The husband calculates an arrearage of $6,217, and claims credits against the arrearage in excess of $18,000.
The trial court did not indicate in its order how it arrived at its finding of a $2,272 arrearage. The record shows that the father claimed several "credits" against the arrearage; it appears that the trial court applied various amounts of these credits to the arrearage.
The father's claim of credits included expenditures for gifts, cars, and private school tuition and expenses. We recognize that the trial court has discretion to award *126 credits against an arrearage. McDaniel v. Winter, 412 So.2d 282 (Ala.Civ.App.1982). However, although the father may be credited for expenses that he assumes gratuitously, these expenses must clearly be categorized as essential to basic child support. Evans v. Evans, 500 So.2d 1095 (Ala.Civ.App.1986).
The gifts, cars, and tuition were not part of the father's legal obligation of support; they were "extras," which the father chose to finance. If the trial court credited these items, it erred. See Anonymous v. Anonymous, 428 So.2d 109 (Ala.Civ.App.1983). Accordingly, we reverse this aspect of the trial court's judgment to clarify its calculation of arrearage or to recalculate in accordance with this opinion.
The wife also claims that the trial court's August 2, 1993, order, failed to reflect the agreement of the parties with regard to the date that child support payments to her would commence. The wife contends that the parties agreed that child support payments were to commence on June 15, 1993. The trial court ordered that payments begin on June 30, 1993. This argument is without legal merit. An agreement of the parties is not controlling and the court is free to adopt any part of the agreement that it deems proper. Horner v. Horner, 600 So.2d 322 (Ala.Civ.App.1992).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THIGPEN, J., concurs.
ROBERTSON, P.J., concurs in part and dissents in part.
ROBERTSON, Presiding Judge, concurring in part and dissenting in part.
I concur with the affirmance in part; however, I respectfully dissent to the reversal in part.
NOTES
[1] When he filed his petition, the oldest child had reached the age of majority.