647 So.2d 797 (1994)
Carolyn H. JUNKIN
v.
Clatus K. JUNKIN.
AV93000466.
Court of Civil Appeals of Alabama.
September 30, 1994.
*798 Ralph I. Knowles, Jr. of Doffermyre, Shields, Canfield & Knowles, Atlanta, GA, for appellant.
Sam M. Phelps of Phelps, Jenkins, Gibson & Fowler, Tuscaloosa, for appellee.
L. CHARLES WRIGHT, Retired Appellate Judge.
Carolyn Junkin filed an action for divorce against Clatus Junkin in January 1993. The husband answered and counterclaimed. On June 14,1993, after hours of negotiations, the parties, through counsel, recited into the record a settlement agreement. The agreement disposed of all financial issues, including the payment of the wife's attorney fees and costs. The parties agreed that the only issues remaining to be tried were custody, visitation, and tax deductions for the care of the children.
Testimony was taken on the remaining issues on June 15, 1993. Following the hearing, the trial court requested that the parties submit their agreement. On October 15, 1993, counsel for the parties submitted the proposed agreement. On October 23, 1993, the trial court entered the judgment of divorce. The trial court did not adopt the parties' agreement concerning the payment of the wife's attorney fees and costs. Rather, it made the parties responsible for their own fees and costs. The wife filed a motion for a new trial, requesting that the provision of the agreement concerning attorney fees and costs be reinstated. The trial court declined to rule on the matter, and it was effectively denied by inaction. The wife filed a timely notice of appeal.
The wife asserts that the trial court erred in refusing to adopt and incorporate the parties' agreement as it pertained to the payment of her attorney fees, accountant's fees, and costs.
The overall agreement reached by the parties was rather complex due to tax consequences. The central and novel provision of the agreement was the creation of a "marital assets properties" partnership (MAP). Substantially, all the marital assets, along with the extensive debts, were to be put in trust. Although the husband would essentially continue to maintain control over the operations of the assets in the partnership, the wife would have a one-third ownership of all the properties and all the debts included. The husband would have a two-thirds ownership.
The provision of the agreement concerning attorney fees, as recited into the record by the husband's attorney, was as follows:
"The last item that I have on mine we have agreed to handle the attorney's fees for the *799 wife and the accountants' fees for both parties in this divorce proceeding as follows.
"When we have completed the paperwork, Mr. Knowles [wife's attorney] and I will attempt to agree on what is a reasonable figure for his attorney's fee. If we are unable to do so, he will submit to the court an affidavit concerning his services and his claims of fees. We will on behalf of the husband within ten days from the date of his filing submit a counter affidavit or affidavit that we feel to be appropriate, and the court can determine the amount of that fee. Mr. Humber's bill for accounting services will be submitted, and I guess the right to contest it would be as it is in any other case, and we will resolve it at the time and the same thing with Mr. Hocutt's bill. All of these bills though will be deemed to be expenses of this marital partnership and to be paid out of those businesses."
The wife's attorney added:
"Perhaps we should explain that without going into detail. The reason we are doing all this is the reality is at this point and time because of investments in the businesses there really is no other place for the money to come from without getting another loan. We don't want to do that."
The trial court disregarded the parties' agreement concerning attorney fees and costs and entered the following order:
"11. In view of the circumstances in this cause, the agreements of the parties, and the unreasonable length of time involved in trying to effectuate an executed agreement between the parties, it is hereby ORDERED, ADJUDGED, and DECREED that each party shall be responsible for his or her accountant's or attorney's fees which were incurred as a result of this litigation.
"12. It is further ORDERED, ADJUDGED, and DECREED that any unpaid Court costs which have accrued in this cause shall be taxed to the party at whose instance said costs were incurred, and execution may issue for the collection of said costs."
The courts of this state favor compromises and settlements of litigation. This is particularly true in cases involving families "since the honor and peace of the family is often at stake." Porter v. Porter, 441 So.2d 921 (Ala.Civ.App.1983). Agreements reached in divorce actions are as binding on the parties as any other contract. Porter. The trial court, however, is not bound by the agreement of the parties. Baumler v. Baumler, 368 So.2d 864 (Ala.Civ.App.1979). The trial court may adopt or reject such parts of the agreement as it deems proper from the situation of the parties as shown by the evidence. Baumler. Therefore, the question becomes whether there was enough evidence presented to the trial court to support its finding. Tidwell v. Tidwell, 505 So.2d 1236 (Ala.Civ. App.1987).
The agreement disposed of all the parties' financial issues. The hearing concerned custodial issues only. There was no evidence presented to the court relating to the status of the parties in relation to the issue of attorney fees and costs. The trial court's order appears to be premised on what it deemed to be "the unreasonable length of time involved in trying to effectuate an executed agreement between the parties." However, the record contains no evidence concerning the reason for the delay, or if one party or another caused the delay. The trial court's unilateral decision concerning the award of attorney fees and costs was not supported by the evidence, as there was no evidence presented on the issue.
The judgment of the trial court is reversed. The cause is remanded for the trial court either to enter an order incorporating the parties' agreement as it pertains to attorney fees and costs or to hold a hearing to allow the parties to present evidence on the same. Culver v. Culver, [Ms. AV93000305, August 19, 1994] ___ So.2d ___ (Ala.Civ. App.1994).
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
*800 REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN, J., dissents.
THIGPEN, Judge, dissenting.
It is well settled that in a divorce proceeding, the determination regarding attorney fees is a matter that rests soundly within the discretion of the trial court, and that determination will not be disturbed on appeal absent an abuse of discretion. Robbins v. Robbins, 460 So.2d 1355 (Ala.Civ.App.1984). Even when no evidence is presented or considered by the trial court regarding the time and expenses incurred in preparation of the case, the trial court's decision regarding attorney fees will not be reversed on appeal, absent abuse. Turberville v. Turberville, 617 So.2d 284 (Ala.Civ.App.1992). Furthermore, although the trial court's order states no specific findings regarding its refusal to accept the parties' agreement as it concerned attorney fees and costs, on appeal, it is assumed that the trial court made findings necessary to support its award. See Ward v. State, 592 So.2d 581 (Ala.1992).
In this case, the trial court did not make a monetary determination regarding attorney fees; it simply refused to accept that portion of the parties' agreement regarding attorney fees and costs, and held each party responsible for his or her own expenses. Whether to accept the parties' agreement in whole or in part is a discretionary function of the trial court. Drescher v. Drescher, 621 So.2d 304 (Ala.Civ.App.1993); Horner v. Horner, 600 So.2d 322 (Ala.Civ.App.1992).
The record indicates difficulty resolving this matter. After several judges were recused, a special judge was appointed on February 9, 1993. Following a continuance, the case was called in June 1993, and the parties advised the trial court regarding their settlement negotiations. The parties agreed to return the next morning to present limited testimony. At the close of the hearing on June 15, 1993, the trial court instructed the parties to "get the agreement to me and the other part that I'm supposed to get as soon as possible." On about October 15, 1993, an incomplete agreement was submitted, and the trial court entered its divorce judgment on October 22, 1993. The trial court's finding regarding the delay in reaching an agreement placed no blame on either party; it simply refused a portion of the agreement and ordered each party to bear his or her own attorney fees and costs.
The order also addressed the specific division of substantial marital assets, including a lump-sum payment of $25,000 to the wife within one year of the judgment, and the wife was awarded $3,500 in monthly alimony. The property and support provisions of the parties' agreement could support a conclusion that both parties had the ability to bear their own costs and may be the cause of the trial court's vague finding that "the circumstances in this cause" justify ordering each party to bear his or her own costs. The trial court had the opportunity to observe these parties, and it is knowledgeable of matters not contained in the record. Viewing the record without a presumption of correctness given to the trial court's judgment discloses evidence supporting the trial court's judgment regarding attorney fees and costs. Phillips v. Knight, 559 So.2d 564 (Ala.1990). Because I would affirm the trial court's judgment regarding attorney fees and costs, I must respectfully dissent.