It is well settled that in a divorce proceeding, the determination regarding attorney fees is a matter that rests soundly within the discretion of the trial court, and that determination will not be disturbed on appeal absent an abuse of discretion. Robbins v. Robbins, 460 So.2d 1355
(Ala.Civ.App. 1984). Even when no evidence is presented or considered by the trial court regarding the time and expenses incurred in preparation of the case, the trial court's decision regarding attorney fees will not be reversed on appeal, absent abuse.Turberville v. Turberville, 617 So.2d 284 (Ala.Civ.App. 1992). Furthermore, although the trial court's order states no specific findings regarding its refusal to accept the parties' agreement as it concerned attorney fees and costs, on appeal, it is assumed that the trial court made findings necessary to support its award. See Ward v. State, 592 So.2d 581 (Ala. 1992).
In this case, the trial court did not make a monetary determination regarding attorney fees; it simply refused to accept that portion of the parties' agreement regarding attorney fees and costs, and held each party responsible for his or her own expenses. Whether to accept the parties' agreement in whole or in part is a discretionary function of the trial court. Drescher v. Drescher, 621 So.2d 304
(Ala.Civ.App. 1993); Horner v. Horner, 600 So.2d 322 (Ala.Civ.App. 1992).
The record indicates difficulty resolving this matter. After several judges were recused, a special judge was appointed on February 9, 1993. Following a continuance, the case was called in June 1993, and the parties advised the trial court regarding their settlement negotiations. The parties agreed to return the next morning to present limited testimony. At the close of the hearing on June 15, 1993, the trial court instructed the parties to "get the agreement to me and the other part that I'm supposed to get as soon as possible." On about October 15, 1993, an incomplete agreement was submitted, and the trial court entered its divorce judgment on October 22, 1993. The trial court's finding regarding the delay in reaching an agreement placed no blame on either party; it simply refused a portion of the agreement and ordered each party to bear his or her own attorney fees and costs.
The order also addressed the specific division of substantial marital assets, including a lump-sum payment of $25,000 to the wife within one year of the judgment, and the wife was awarded $3,500 in monthly alimony. The property and support provisions of the parties' agreement could support a conclusion that both parties had the ability to bear their own costs and may be the cause of the trial court's vague finding that "the circumstances in this cause" justify ordering each party to bear his or her own costs. The trial court had the opportunity to observe these parties, and it is knowledgeable of matters not contained in the record. Viewing the record without a presumption of correctness given to the trial court's judgment discloses evidence supporting the trial court's judgment regarding attorney fees and costs.Phillips v. Knight, 559 So.2d 564 (Ala. 1990). Because I would affirm the trial court's judgment regarding attorney fees and costs, I must respectfully dissent.