John Morgan ("the father") and Donna Morgan Burt ("the mother") were divorced by the Circuit Court of Lee County in 1979. Pursuant to the divorce judgment, the father was ordered to pay $70 per week in child support for the couple's three children.
At some point shortly after the divorce, the father moved to Maryland. On April 7, 1980, the mother filed an URESA action seeking enforcement of the father's child support, obligation. On July 7, 1980, the Circuit Court of Baltimore City, Maryland, ordered the father to pay $30.90 per week in child support.[1]
On October 11, 1995, the Circuit Court of Lee County, Alabama, entered an order finding the husband in arrears in his child support obligation, awarding the State of Alabama a judgment in the amount of $29,805.08,[2] and issuing a writ for the arrest of the husband. The husband argues that he had no notice of the hearing on the State's complaint or of the October 1995 order; the record does not indicate that the husband was served with notice of the hearing or with a copy of the trial court's order. On June 9, 1996, the husband traveled to Alabama to attend a graduation ceremony for one of the children; while here, he was arrested pursuant to the October 1995 order. He paid $10,000 and was released from jail; the $10,000 was credited against the accumulated child support arrearage.
On July 30, 1996, the father filed what he termed a "Motion to Reconsider" the trial court's October 1995 order. The trial court considered the briefs and submissions of the parties, without hearing testimony. On October 21, 1997, the trial court entered an order finding the father to be $6,000 in arrears in his child support obligation and awarding the State a judgment for that amount. After the trial court denied its motion to alter, amend, or vacate the order, the State appealed.
Because the trial court considered only the briefs and submissions of the parties, no presumption of correctness attaches to the trial court's judgment on the evidence.Sevigny v. New South Federal Sav. Loan Ass'n, 586 So.2d 884
(Ala. 1991). In such a situation, this court sits in judgment on the evidence. Id.
The State argues that the trial court abused its discretion in determining the amount of the father's child support arrearage and that the trial court erred in refusing to award interest on the arrearage. The father argues that he is not in arrears because, he says, he complied with the Maryland court order under the URESA action. In the alternative, he argues that his child support obligation ceased when the children reached the age of majority and that, because he has continued to pay child support past the time the children reached the age of majority, the total child support he has paid exceeds any support due. The father also denies owing interest on any accumulated child support arrearage.
The Maryland support order, sought by the mother in an URESA petition, did not modify the father's support obligation; therefore, the child support ordered pursuant to the divorce judgment remained in effect. Murphy v. Murphy, 395 So.2d 1047,1049 (Ala.Civ.App. 1981).
 "The purpose of a proceeding under URESA is 'to provide a simple, fair, and convenient method to compel parents who have an obligation of support, to comply with that obligation.' Allsup v. State ex rel. Salas, 648 So.2d 597, 599
(Ala.Civ.App. 1994). An action for child support brought under URESA does not replace or modify an order of child support in a divorce action; it enforces a prior support obligation. State ex rel. Van Buren County Department of Social Services v. Dempsey, 600 So.2d 1019 (Ala.Civ.App. 1992); Willis *Page 732 v. Levesque, 402 So.2d 1003 (Ala.Civ.App. 1981). Any modifications to the divorce judgment and support obligations must be made by the circuit court with jurisdiction over the divorce judgment. State ex rel. Van Buren County Department of Social Services v. Dempsey, 600 So.2d at 1023. 'The remedies provided in [URESA] are in addition to and not in substitution for any other remedies.' § 30-4-98, Ala. Code 1975."
Wearb v. Luks, 708 So.2d 181 (Ala.Civ.App. 1997). The Maryland court's order did not negate the accumulation of the child support arrearage under the 1979 Alabama divorce judgment; however, all amounts paid by the father pursuant to the Maryland order may be credited against the arrearage. See Wearbv. Luks, supra.
It is the amount that the trial court credited to the father for his past payments that the State challenges on appeal. The trial court determined that the father owed a total of approximately $62,000 in child support for the period running from the time of the divorce until the youngest child reached the age of majority. When a child support order does not specify an amount of support that must be paid for each child, the parent's child support obligation is not automatically terminated by a child's obtaining the age of majority.State ex rel. Department of Human Resources v. Curran,716 So.2d 1196 (Ala.Civ.App. 1997). The two youngest children, who are twins, reached the age of majority in September 1996. The father filed his "Motion to Reconsider" the trial court's October 1995 order in July 1996. In its October 21, 1997, order, the trial court found that the father's support obligation for the youngest children had ceased in September 1996. We assume that in so finding the trial court chose to interpret the father's July 1996 "Motion to Reconsider" as a request for a modification of his child support obligation. A child support modification may be retroactive to the date of the filing of the petition for a modification. Rogers v. Sims,671 So.2d 714 (Ala.Civ.App. 1995). Therefore, we conclude that the trial court did not abuse its discretion in terminating the father's child support obligation retroactive to September 1996, which was approximately two months after he had filed his July 1996 motion.
In his brief to the trial court, the father argued that he had paid a total of $55,963 in child support either directly to the mother or through the court system. In its October 21 order, the trial court found that the father had paid "approximately $56,000 in child support" over the years. Thus, as the State argues, it is apparent the trial court gave the father credit for every payment for which the father sought credit against the child support arrearage.
The father sought credit against his child support obligation for various contributions he made for school clothes, birthday parties, college tuition for the oldest child, and gasoline payments he made for the mother in 1988. He also included the cost of a used automobile that he purchased for the mother in 1988. The award of credits against a child support arrearage is within the discretion of the trial court. Hillis v. Boggs,646 So.2d 124 (Ala.Civ.App. 1994). "However, although the father may be credited for expenses that he assumed gratuitously, these expenses must clearly be categorized as essential to basic child support." Hillis v. Boggs, 646 So.2d at 126. Many of the payments for which the trial court awarded the father a credit against his child support were not essential to the basic support needs of the children. The trial court erred in crediting the father for "extras" that were not a part of the father's legal child support obligation. Hillis v. Boggs, supra; Evans v. Evans, 500 So.2d 1095 (Ala.Civ.App. 1986). We therefore remand for the trial court to recalculate the amounts for which the father is entitled to a credit and to include in that recalculation only those payments that were essential to the basic support needs of the children.
The State also argues that the trial court erred in refusing to assess interest against the father's accumulated child support arrearage. We agree. An order requiring a parent to pay child support is a final judgment as of the due date, and an arrearage in child support may be collected just as any other judgment is collected. *Page 733 State Dep't of Human Resources ex rel. Laro v. Gray,644 So.2d 21 (Ala.Civ.App. 1994); State Dep't of Human Resources ex rel.Luck v. Luck, 644 So.2d 24 (Ala.Civ.App. 1994). The trial court's failure to impose interest on a child support arrearage where interest has been properly requested is reversible error.Id. The courts of this state may not ignore the statutes and legal precedent which require the payment of interest on child support arrearages. See State ex rel. State Dep't of HumanResources v. Orr, 635 So.2d 1 (Ala.Civ.App. 1994). The State requested interest in excess of $33,000 on the child support arrearage. On remand, the proper crediting of some of the extra payments made by the father for the essential needs of the children in satisfaction of his child support obligation will somewhat lessen the amount of interest due.
The father argues that any imposition of interest for his past-due support payments is inequitable. We note, however, that the father has paid $120 to $150 per month in support for three children throughout most of the children's lives, even though the divorce judgment required him to pay more than twice that amount. Although the children have all now reached the age of majority, during their childhood they and their mother paid the price for the father's failure to pay the necessary and required child support.
We also note that in 1988 the State of Alabama obtained an offset of the father's federal income tax refund and applied that refund against the father's child support arrearage. The father received a notice of that offset; the notice indicated that his tax refund was credited against a child support arrearage that, as of March 1988, was in excess of $17,000. Thus, the father had notice as far back as 1988 that the mother and the State claimed an arrearage in his child support obligation. To allow the father to continue to allow that arrearage, and the interest on that arrearage, to accrue for many more years and then avoid payment would be contrary to public policy.
The order of the trial court is reversed, and the case is remanded for the trial court to recalculate the father's child support arrearage. The trial court should credit the father with only those payments that relate to the basic child support obligation. The trial court is also directed to calculate the interest due on the child support arrearage and to award the State a judgment representing the amount of the interest owed by the father.
REVERSED AND REMANDED.
YATES and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and MONROE, J., concur in the result.
[1] The father was unemployed when the mother instituted the URESA action in Maryland; apparently, the Maryland court considered the fact of the father's unemployment in establishing a child support obligation pursuant to the URESA petition.
[2] The trial court's order indicates that the State of Alabama filed the complaint for an arrearage on behalf of the mother.