THOMPSON, Judge,
dissenting.
A parent’s payments on a judgment determining a child-support arrearage is not the equivalent of “child support actually being paid by a parent.” See Rule 32(B)(6), Ala. R. Jud. Admin. The trial court in this action ordered the father to make payments as a result of the father’s failure to make timely child-support payments. The trial court, applying Rule 32, allowed those payments toward his arrear-age to be deducted from the father’s gross income, as if they were current child-support payments. I believe this was error. It is well settled that a child-support ar-rearage may be collected just as any other judgment is collected. State ex rel. Burt v. Morgan, 716 So.2d 729 (Ala.Civ.App.1998); State Dep’t of Human Resources ex rel. McGhee v. McGhee, 634 So.2d 573 (Ala.Civ.App.1994). The trial court, when applying Rule 32(B)(6), should have treated the arrearage no differently than any other debt incurred by, or judgment against, the father. Because I do not believe that Rule 32 provides for the relief given to the father by the trial court, I respectfully dissent.